LILLIE P. MOELLER vs. AMERICAN FIRE INS. CO. et al.

Argued Jan. 12, 1893.   Decided Jan. 20, 1893.

Reformation of Contract.

> M. and W. applied to an insurance agent to issue a policy to insure the mortgage interest upon the building, upon which the owner had executed a mortgage to W., and they informed the agent that W. had assigned the mortgage to M. for convenience of foreclosure only, and that W. was the sole owner of the mortgage, and the indebtedness secured thereby; and the agent thereupon issued the policy, the loss, if any, payable to W., as mortgagee, as his interest might appear. *Held,* that it was the duty of the agent to assume their rights in the mortgage to be just as they stated them, and draw the policy accordingly; and that M. cannot have the policy reformed by having her name inserted in the place of W.'s, on the theory that she was in fact the owner of the mortgage.

Appeal by plaintiff, Lillie P. Moeller, from a judgment of the District Court of Hennepin County, *Hooker*, J., entered September 28, 1892, that she take nothing by her action.

On August 15, 1887, Charles A. Wait owned lot six (6) in block one (1) of Sixth Avenue North Addition to Minneapolis, and on that day he and wife mortgaged it to Mary E. Webster, to secure the payment of $1,800. On April 25, 1889, Mrs. Webster assigned the debt and mortgage to her sister, the plaintiff, and the assignment was duly recorded. At the same time there was an oral agreement between plaintiff and Mrs. Webster, that plaintiff would hold the mortgage and foreclose it for the benefit of, and in trust for, Mrs. Webster. The American Fire Insurance Company on January 21, 1890, insured Wait for the term of three years from that date, against loss or damage to the building thereon by fire, not exceeding $1,800; loss or damage if any, payable to Mary E. Webster, mortgagee, as her interest might appear, and she paid the premium. Wait having made default in payment of the debt plaintiff foreclosed, under the power in the mortgage, and a sale of the premises was made March 24, 1890, by the Sheriff to her for $2,140. No redemption was made and plaintiff became, one year thereafter, owner in fee of the property. On July 13, 1891, the building was damaged by fire to the extent of $1,200. Proofs of loss were made, jointly by plaintiff and Mrs. Webster, and the insurance money demanded, but the company denied all liability. This action was commenced February 10, 1892, against the company to reform the policy by inserting plaintiff's name as assignee of the mortgage in the place of Mrs. Webster's and to collect the insurance. The company demurred, on the ground that Mrs. Webster was not made a party to the action. The demurrer was sustained, with leave to amend. Mrs. Webster was then made defendant with the company, and answered admitting all the allegations of the complaint. The company answered admitting the assignment of the mortgage and its foreclosure, and that no redemption was made, but denying any error or mistake in the terms of the policy, or in the name of the owner of the mortgage, and claiming the policy had lapsed, by the change in the title and possession of the property insured. The issues were tried June 21,

1892. Findings were made and judgment ordered for defendant. Plaintiff moved for a new trial and being denied appealed.

*E. A. Twitchell,* for appellant.

It is not claimed that there was between the sisters any express trust or agreement in writing. An oral agreement would not be sufficient to create a trust. Neither is Mrs. Webster asking the enforcement of a trust. The question of trust or no trust rests wholly on the record title and the fact that the assignment of the mortgage was purely voluntary and without any consideration, and was not a gift. Both sisters knew what they were doing when the assignment was made, but they probably did not fully understand its legal effect. The agent of the Insurance Company was fully informed and should have written the policy with loss, if any, payable to Lillie P. Moeller, mortgagee, instead of to Mary E. Webster. The plaintiff showed grounds for reforming the policy in this respect, and the court should have ordered a reformation, by substituting for the name of Mary E. Webster, the name of this plaintiff, Lillie P. Moeller, who was the real and only mortgagee known to the law. *Benson* v. *Markoe,* 37 Minn. 30; *Kausal* v. *Minnesota Farmers' Mut. Fire Ins. Ass'n,* 31 Minn. 17.

The holder of the legal title to the mortgage is the proper party to bring the action for relief, and is entitled to have this policy reformed and to recover upon it. *Triggs* v. *Jones,* 46 Minn. 277; *Anderson* v. *Reardon,* 46 Minn. 185; *Spurr* v. *Home Ins. Co.,* 40 Minn. 424.

*Kitchel, Cohen & Shaw,* for respondent.

The statute of uses and trusts, 1878 G. S. ch. 43, does not apply to personal property. It applies only to real estate, and does not in any manner regulate trusts in personal property. *Baker* v. *Terrell,* 8 Minn. 195, (Gil. 165;) *Dodge* v. *Williams,* 46 Wis. 70; *Penny* v. *Croul,* 76 Mich. 471; *Gilman* v. *McArdle,* 99 N. Y. 451; *In re Tower's Estate,* 49 Minn. 371; *Moulton* v. *Haskell,* 50 Minn. 367.

The plaintiff's claim to reform the mortgage clause in this policy is based upon the allegation, that she was the owner of the mort-

gage at the time the insurance was written, and that the name of Mrs. Webster was inserted in the mortgage clause by mistake of all the parties to the transaction. But the documentary evidence, and the oral testimony show that Mrs. Webster was the owner of the mortgage from the time of its execution, and that the defendant company was informed by both sisters of Mrs. Webster's equitable ownership, when the policy was written. The only notice of loss given and the only proofs of loss ever made, were based exclusively upon the claim that Mrs. Webster was the absolute owner of the mortgage. *Shapiro* v. *Western Home Ins. Co.*, 51 Minn. 239.

GILFILLAN, C. J. Action to reform a policy of insurance, and to recover upon it as reformed. The policy, as executed, insured one Wait (who at the time was the owner of the property) against loss by fire. It contained this clause: "Loss or damage, if any, under this policy shall be payable to Mary E. Webster, as mortgagee, (or trustee,) as interest may appear;" the plaintiff's name not appearing in the policy. The reformation of this clause by inserting the name of plaintiff in the place of the name of Mary E. Webster is sought. Without being thus reformed, of course the plaintiff cannot recover upon it; and, if plaintiff is not entitled to have it so reformed, that disposes of the case, and all other questions are immaterial. The findings of fact upon which the right to a reformation must be determined are not claimed to be erroneous, and must therefore be taken as the basis of decision. Wait had executed a mortgage to Mrs. Webster, and she and plaintiff applied to one Ames, the agent of the company, for a policy of fire insurance in such form as he considered safe and proper, Mrs. Webster paying the premium therefor; and, as the court finds, "at the time said policy of insurance was applied for the plaintiff and said defendant Webster informed the said Ames that said mortgage made by said Wait and his wife to said Webster had been assigned by said Webster to the plaintiff herein; that said assignment was made for convenience of foreclosure only; that said defendant Webster was in fact the sole owner of said mortgage and the indebtedness secured thereby."

The proposition on which the claim to reformation is based is that

it was through the mistake of the agent that Mary E. Webster's instead of plaintiff's name was inserted in the policy as the holder of the mortgage interest. That it was his mistake can be argued only by assuming that he knew the only agreement between plaintiff and Mrs. Webster, by which the latter retained her interest in the debt and mortgage notwithstanding the assignment in form, was by parol, and that he ought thereupon to have known as a matter of law that under the statute of uses and trusts a parol trust in personal property is void, and that consequently Mrs. Webster could not be the owner of the mortgage, or any interest therein.

Without assuming to determine whether, by laying before him the evidences of their agreements, they could have constituted him, as defendant's agent, the judge of the legal effect of the agreements, and of what their respective rights were under them, it is enough to say they did not attempt to do so. They stated to him what their rights with respect to the mortgage were, and it was his duty to assume their rights to be just as they stated them, and to draw the policy accordingly, which he did.

Judgment affirmed.

(Opinion published 54 N. W. Rep. 189.)