HELEN HENDRICKSON vs. GREAT NORTHERN RY. CO.

Argued Jan. 9, 1893.    Decided Jan. 20, 1893.

**Negligence, a Question for the Jury.**

> *Held*, that whether plaintiff's intestate was guilty of contributory negligence was, under the evidence, a question for the jury.

Appeal by defendant, Great Northern Railway Company, from a judgment of the District Court of Meeker County, *Powers*, J., entered September 14, 1892, for plaintiff for $2,251.34 damages and $284.73 costs.

Michael Hendrickson was killed June 30, 1890, at a grade crossing in said county. His widow, Helen Hendrickson, was appointed

administratrix of his estate, and brought this action to recover $10,-
000 damages under 1878 G. S. ch. 77, § 2, as amended by Laws
1889, ch. 109.    At the first trial the court directed a verdict for de-
fendant, on the ground that on the undisputed facts, the deceased
was chargeable with contributory negligence.    Plaintiff moved for a
new trial, but was denied.    On appeal this court reversed the order,
on the ground that the question should have been submitted to the
jury.    *Hendrickson* v. *Great Northern Ry. Co.*, 49 Minn. 245.    A
second trial was had May 18, 1892.    The facts appear in the report
of the former appeal.    The jury returned a verdict for plaintiff, and
assessed her damages for the death of her intestate at $2,000, and
by stipulation of the parties they assessed damages for the loss of
horses and wagon at $200.    Judgment was entered on the verdict
and defendant appealed.    The discussion here was on the evidence,
whether it so conclusively established contributory negligence on the
part of deceased, that the trial court erred in not directing a verdict
for defendant as it requested.

   *M. D. Grover* and *S. L. Campbell,* for appellant.

   *Francis Bergstrom, F. D. Larrabee,* and *Shaw & Cray,* for respond-
ent.


   MITCHELL, J.    The only question on this appeal is whether the
evidence was such as to require the jury to find that plaintiff's in-
testate was guilty of contributory negligence in approaching the cross-
ing where he was killed.    We are unable to discover any controlling
difference between the evidence now and that contained in the rec-
ord on the former appeal, 49 Minn. 245, (51 N. W. Rep. 1044.)    The
only important new fact which the evidence on the present appeal
tended to establish was that, as a traveler on the highway approached
the crossing from the west, there was, a short distance on, the top
of the hill, some 375 feet from the crossing, where, by turning and
looking west, he could see a train coming from that direction a dis-
tance of half a mile.    It is argued from this that, if deceased had
thus looked, he would have seen the approaching train.    But this
would depend on whether the train was within the half mile when
deceased passed that point, and this, in turn, would depend on the

speed of the train, and the speed at which deceased was driving his team. If, as the evidence tended to show, the train was going at the rate of thirty-five miles an hour, and the deceased walked his horses down the hill, the inference would rather be that the train was more than half a mile distant, and hence not within the decedent's range of vision, when he passed the point referred to. While we concede that quite a strong argument might be made on the evidence that the deceased did not exercise all the care which he ought to have done in order to ascertain whether a train was approaching, yet we are of opinion that the question was one for the jury.

Judgment affirmed.

(Opinion published 54 N. W. Rep. 189.)