EMILIA F. STRUCK *vs.* CHICAGO, MILWAUKEE & ST. PAUL RAILWAY CO.

Submitted on briefs July 6, 1894. Affirmed July 19, 1894.

No. 8881.

**Traveler at Railroad crossing, presumption that he looked and listened.**

When a traveler on a highway is struck by a train at a railway crossing and killed, and there is no direct evidence to prove that he looked and listened, but there is evidence tending to prove that, if he had done so, he could not have seen the approaching train in time to avert a collision, the question of his contributory negligence is for the jury.

**Negligence of Railroad servants in crossing highway.**

Where the crossing of a highway over a railroad is ordinarily very dangerous, and the circumstances connected with the running of the particular train make it still more dangerous, it is a question for the jury whether or not, under all the circumstances of the case, the railway company, in approaching the crossing with its train, as well as giving the statutory signals, should not, in the exercise of reasonable care, take also other precautions to avoid injury to travelers upon the highway.

Appeal by defendant, the Chicago, Milwaukee & St. Paul Railway Company, from an order of the District Court of Rice County, *Thomas S. Buckham,* J., made February 19, 1894, denying its motion for a new trial.

*W. H. Norris,* and *F. W. Root,* for appellant.

*H. S. Gipson,* for respondent.

CANTY, J.   This is an action brought to recover damages for the negligence of the defendant resulting in the death of plaintiff's intestate.   He was struck by a railroad train, July 18, 1893, while upon the highway, crossing the defendant's track, driving his team and wagon.   The railroad ran north and south; the highway crossed it on a grade crossing.   For about 400 feet immediately north of the crossing, the railroad passes through a cut from four to five feet deep, and on the hill above this cut were snow fences.   The highway approaches the crossing from the south, along the east side of the railroad right of way, through a hollow.   At 290 feet south of the crossing, the highway is ten and six tenths feet below the railroad track. From that point the highway gradually rises until the crossing is reached.   Just before reaching the crossing, the highway turns nearly at right angles to the west, and crosses the track.   The deceased came on this highway from the south, and when on the crossing was struck by an extra train, consisting of an engine and caboose, going south at the rate of about thirty miles an hour.

The deceased and another man were riding in a wood rack, and both were instantly killed.   On the trial in the court below, plaintiff recovered a verdict of $2,500, and from an order denying the motion for a new trial defendant appeals.

From the evidence the jury were warranted in finding that a traveler going north on the highway, as was deceased, could not, while in this hollow, see a train approaching this crossing from the north, or until his horses were almost upon the railroad track at the crossing; that it is very difficult to hear any such train, or the signal of its approach, while the traveler is in the hollow.   Deceased had formerly been a section man on this part of the road, and was well acquainted with the crossing.   There appears to be no living witness who can tell whether or not deceased looked and listened before he

attempted to cross the railroad track, and the evidence of no such witness was given on the trial.    Under such circumstances, it cannot be presumed that deceased was guilty of contributory negligence, that he failed to look and listen.    That was a question for the jury, under all the circumstances of the case.    *Hendrickson* v. *Great Northern Ry. Co.*, 49 Minn. 245, (51 N. W. 1044;) Id., 52 Minn. 340, (54 N. W. 189.)

It is urged by appellant that there is not sufficient evidence to warrant a verdict that defendant was guilty of negligence, and that, even if there was, the jury, in its special findings, have found against such negligence.

The following questions were submitted to the jury, and they made the following answers:

"(1) Was the engine whistle blown at or near the whistling post for Greenwood crossing?    A. Yes.

"(2) Was the engine bell rung from the whistling post to the crossing?    A. Yes.

"(3) Was Struck asleep when he approached and came near to the railroad crossing?    A. No.

"(4) Could Struck, in the exercise of reasonable care, and with proper regard for his own safety, either by looking or listening, have learned that the train was coming in time to have saved himself from being hit?    A. No."

It appeared by the evidence that the whistling post in question was 1,300 feet from the crossing.    The defendant's witnesses testify that the whistle was sounded at the post, and that the bell rang continuously from that point to the crossing.    We are of the opinion that, notwithstanding all of this, the defendant's negligence was a question for the jury, and they have not, by such special findings, negatived such negligence.

The jury were warranted in finding that this was a very dangerous crossing when trains were approaching it from the north; that this highway was much traveled,—more traveled than any other highway leading into Faribault; that at the time of day five P. M. when the accident happened there is likely to be much travel on the highway. This was a wild train.    A regular passenger train passed that point, going north, about four P. M. and one going south about six P. M.

Such a train, consisting of an engine and caboose, would naturally run light, and make but little noise, and especially so when, running at a high rate of speed, it had entered a cut.

The defendant's witnesses testify that it was running about thirty miles an hour, and ran about 600 feet, after the collision, before the train was stopped. Unlike a heavy train, the speed of such a light train can readily be checked when approaching a dangerous crossing, and such speed can readily be increased after the crossing is passed. Under all these circumstances, it was a question for the jury whether or not defendant was using reasonable care, even though it complied with the law in giving the statutory signals. It might, under the circumstances, be its duty to take other precautions, as by whistling several times while running the 1,300 feet from the whistling post to the crossing, or checking the speed of the train, or both. See *Beanstrom* v. *Northern Pacific R. Co.*, 46 Minn. 193, (48 N. W. 778;) *Shaber* v. *St. Paul M. & M. Ry. Co.*, 28 Minn. 103, (9 N. W. 575.)

These are all the points made by appellant having any merit.

The order appealed from should be affirmed. So ordered.

Buck, J., absent, took no part.

(Opinion published 59 N. W. 1022.)