MINNIE CROFT v. CHICAGO GREAT WESTERN RAILWAY COMPANY.

April 22, 1898.

Nos. 11,121—(176).

Railway—Killing of Cow at Crossing—Verdict Sustained by Evidence—Double Costs—G. S. 1894, § 2694.

> Evidence considered and *held* sufficient to justify the verdict of the jury.

Appeal by defendant from an order of the municipal court of St. Paul, Orr, J., denying its motion for judgment notwithstanding the verdict or for a new trial, after a verdict for $30 in favor of plaintiff. Affirmed.

*Dan. W. Lawler* and *John M. Blakeley,* for appellant.

*John V. I. Dodd,* for respondent.

BUCK, J.

Plaintiff's cow was killed by defendant's railroad train at or near where its track crosses Annapolis street, in the city of St. Paul. The train was 15 minutes behind its usual and regular time, and running rapidly, when the accident occurred.  The track was not fenced, and there were no cattle guards at the crossing, so far as appears from the evidence.  The defendant did not ring any bell, blow any whistle, or give any signal of danger, when approaching or crossing said street.  There were no signs of warning or signal boards at this crossing.  The issue involved the question of ownership of the cow, the negligence of the defendant, and the contributory negligence of the plaintiff.

The evidence of plaintiff's ownership of the cow was rather meager, and not very satisfactory, but not so entirely insufficient as to justify a reversal of the finding of the jury upon this point.

We find no warrant for the defendant's contention that the plaintiff was guilty of contributory negligence.  The cow was on a public

highway, being taken by plaintiff's son to the pasture on the opposite side of the street from where she resided. She supposed the train had already passed, as it was about a quarter of an hour later than its usual time of passing over this crossing. Railroads are required, under G. S. 1894, § 2692, to fence their roads and to build cattle guards at wagon crossings, and this rule applies as well within the limits of incorporated cities and villages as to the country. Greeley v. St. Paul, 33 Minn. 136, 22 N. W. 179. There is an exception where public necessity or convenience requires it, such as station or depot grounds; and the burden of showing that it is not bound to fence or build cattle guards in cases of this kind rests upon the railway company. Cox v. Minneapolis, 41 Minn. 101, 42 N. W. 924.

But we are of the opinion that the evidence justified the jury in finding that defendant did not exercise such care as was commensurate with the hazards which might reasonably be anticipated at such a crossing. While Annapolis street had not been graded so as to admit of a convenient passage of vehicles, it was opened and used by the public, more or less for other purposes. There was evidence from which the jury might have properly found that the view of an approaching train from the crossing was to a considerable extent obstructed, and in such case a railroad company must take special care to give timely warning of its approaching train, and it is negligence for it not to do so, whether signals are required by statute or not. 4 Am. & Eng. Enc. (1st Ed.) 919, subd. 15. While there may have been no statutory duty (G. S. 1894, § 6637) to ring a bell or blow a whistle, it does not necessarily follow that the failure to do so was not negligent. Czech v. Great Northern, 68 Minn. 38, 70 N. W. 791. That no signal was given was one of the facts characterizing the accident, and it was one of the circumstances which, in connection with others, the jury had a right to take into account in determining whether the defendant was negligent. There was no error in admitting evidence of the facts.

Order affirmed.

Respondent having made her motion to be allowed double costs under the statute, the following opinion was filed May 4, 1898:

PER CURIAM.

Motion by respondent to be allowed to tax double costs herein. The claim is made under the provisions of G. S. 1894, § 2694. It is obvious from the language of this section that it has no reference to costs in this court, but is limited to costs in district and justice courts. Motion denied.