# SARAH J. NELSON v. NORTHERN PACIFIC RAILWAY COMPANY.[1]

November 15, 1912.

Nos. 17,707—(33).

**Presumption not conclusive.**

The presumption that a person who was killed by a train while crossing a railroad track at a street intersection exercised due care for his safety contains no elements differentiating it from the ordinary presumption of right conduct, and is not conclusive. It may be overcome by direct evidence or by facts and circumstances clearly showing a failure to exercise due care.

**Same — evidence.**

Force and effect will be given the evidence tending to overcome the presumption whether it appears from the plaintiff's case in chief or from that offered by defendant.

**Negligence — verdict sustained by evidence.**

In this case the evidence is held to justify a verdict of negligence against defendant, and exonerating decedent from contributory negligence.

Action in the district court for St. Louis county by the administratrix of the estate of William J. Nelson, deceased, to recover $5,000 for the death of her intestate. The answer admitted that on or about December 23, 1910, deceased was fatally injured by being struck by one of defendant's trains while upon or near Fifty-seventh avenue west in the city of Duluth; and alleged that the injuries of deceased were caused by his own negligence. The case was tried before Dibell, J., and a jury which returned a verdict in favor of plaintiff for $5,000 and in favor of defendant John Grimes. From an order denying defendant Northern Pacific Railway Company's motion for

[1] Reported in 138 N. W. 419.

Note.—As to presumption of care of person killed at railroad crossing, see note in 4 L.R.A.(N.S.) 344.

The general question as to presumptions of care and negligence is treated in a note in 33 L.R.A.(N.S.) 1097.

judgment notwithstanding the verdict or for a new trial, it appealed. Affirmed.

*C. W. Bunn* and *Washburn, Bailey & Mitchell,* for appellant.

*John Jenswold, Jr., C. R. Magney* and *H. W. Lanners,* for respondent.

BROWN, J.

Action for damages for the alleged wrongful death of plaintiff's intestate in which plaintiff had a verdict, and defendant appealed from an order denying its alternative motion for judgment or a new trial.

The facts are as follows: Defendant operates a line of railroad at grade over and across Fifty-seventh avenue in the city of Duluth. Two main tracks and one side track extend over the avenue, at an angle of about forty-five degrees. Trains from Duluth pass over the north main track, and those going into Duluth over the south track. The side track is about nine feet from the south main track, and runs parallel with it across the avenue. The crossing is in a well-settled part of the city, and is much frequented and made use of for public traffic and travel. On December 23, 1910, at about 6:30 o'clock in the evening decedent was struck by a train passing over the south bound track into Duluth and killed. This action followed.

The complaint charged three distinct grounds of negligence, namely: (1) The failure of defendant to give any warning of the approach of the train, by ringing the bell or sounding the whistle of the engine; (2) excessive and unlawful speed of the train, and (3) the failure to provide either gates or a watchman at the crossing, contrary to the municipal regulations of the city. There was some evidence tending to show a failure to give the usual signals, but that ground of negligence was abandoned on the trial, and the question was withdrawn from the jury. The verdict rendered in favor of the engineer, a party to the action, negatived negligence in respect to the speed of the train, and, so far as the alleged negligence of the railroad company is concerned, the verdict was based entirely upon its failure to provide gates or a watchman at the crossing as required by the city regulations.

It is contended by defendant on this appeal: (1) That the evidence is insufficient to establish the negligence of defendant, in the respect just stated, and (2) that decedent was guilty of contributory negligence as a matter of law.

1. The evidence tends to show that this particular avenue is in a well-settled part of the city, and that it was much used by both pedestrians and teams. Buildings for residence and other purposes are situated upon either side of the avenue, and the avenue was used at the point where the railroad crosses the same by the people living in that vicinity. The crossing was considered by the city council as sufficiently dangerous to require a watchman or gates for the protection of those making use of the same, and a resolution, requiring the company to maintain gates or a watchman, was formally passed and served upon defendant several months before the accident here in question. The defendant failed to comply with the requirements of the resolution, and at the time of the death of the decedent there were neither gates nor watchman at the crossing. We are of opinion, and so hold, that the question whether defendant was negligent in not providing a watchman or gates was one of fact and properly submitted to the jury. And whether the municipality lawfully could require the presence of a watchman or gate tender at all hours of the night, the fact remains that the presence thereof at the time in question, an early hour in the evening, might have prevented the death of decedent; at least a compliance with the municipal regulations would have been a timely warning to decedent, and relieved defendant from the charge of negligence. It might be unreasonable to require a watchman at such a crossing at all hours of the night, but the fact is well known that travel on such streets in our large cities is more conjested at the close of the business day than at other hours, and greater precautions are necessary for the protection of pedestrians. This question was properly submitted to the jury.

2. Was decedent guilty of contributory negligence as a matter of law? We think, within previous decisions of the court in similar cases, the question must be answered in the negative.

Decedent resided within a block and a half of and was familiar with the crossing and the operation of trains by the railroad company.

He owned a barn on the opposite side of the railroad from his residence and was on his way to the barn when killed. It was a dark cold night, and the wind was blowing from the northwest, and decedent was facing the wind. A view of the railroad was obstructed for a considerable distance along the route necessarily taken by decedent. There were buildings along the street, and immediately adjacent to the side track were lumber sheds, piles of lumber and poles, and the evidence tends to show that a box car stood upon the side track nearly up to the foot walk leading across the right of way. With these obstructions decedent could not see an approaching train until he had passed the box car, and he was then within one or two steps from the track upon which the train was approaching. He was evidently struck by the engine of the train just as he was clearing the track. Decedent's course led him away from the approaching train at an angle of forty-five degrees, and as stated by the trial court there was evidence suggested that the place was a difficult one from which to hear, and that the sounds of the train were deceptive and misleading. He may have looked and seen the approaching train as he passed from behind the box car, and misjudged its distance away. It is a well-understood fact that a person cannot, with any degree of accuracy, judge of the distance of an approaching train when the only guide is the headlight of an engine. And if, as the evidence tends to show, decedent was aware of the approaching train just as he passed the car upon the side track, his first opportunity to observe its approach, and when he was substantially onto the track, the question whether it was prudent for him to go forward was one of fact for the jury. Bodin v. Duluth Street Ry. Co. 117 Minn. 513, 136 N. W. 302. The presumption is that he exercised his best judgment in the situation confronting him, and adopted what to him seemed a safe course to pursue. Knudson v. Great Northern Ry. Co. 114 Minn. 244, 130 N. W. 994; Simonson v. Minneapolis, St. P. & S. S. M. Ry. Co. 117 Minn. 243, 135 N. W. 745.

The fact that decedent was familiar with the crossing is not conclusive against him. Struck v. Chicago, M. & St. P. Ry. Co. 58 Minn. 298, 59 N. W. 1022. In that case decedent had formerly been a section hand on the part of the road including the crossing where

he was killed, and was well acquainted with the situation. There was in that case, as in the case at bar, no living witness to the accident, and there was no evidence that decedent looked or listened for a train before attempting to cross the track. The court held the question of contributory negligence one of fact. We are unable to distinguish the case at bar from those cited and we follow the rule there laid down.

The presumption of due care on the part of the decedent in cases of this kind is not a new doctrine. It has been applied in varied forms of expression for many years in substantially similar cases. It embodies, however, no particular elements differentiating it from other presumptions of right conduct, and is not conclusive. It may be overcome by direct proof, or by facts and circumstances which lead to the conclusion that due care was not exercised. It matters not whether the evidence overcoming the presumption appears from plaintiff's case in chief or from the evidence offered by defendant. It is sufficient in either case to fully destroy and take away the effect of the presumption. It sometimes appears so conclusively that due care was not exercised that the trial court is justified in dismissing the action or directing a verdict for defendant. In the case at bar the evidence made the question one of fact.

Order affirmed.