## MATHIAS ZENNER v. GREAT NORTHERN RAILWAY COMPANY.[1]

### December 1, 1916.

### Nos. 20,059—(175).

**Opinion evidence — speed of train.**

1. A person approaching a train who sees it when it is 60 feet away, if otherwise qualified, is competent to give evidence as to its speed.

[1]Reported in 159 N. W. 1087.

---

Note.—The question evidence as to speed of train or hand car is discussed in a note in 34 L.R.A.(N.S.) 790.

Authorities on the question of violation of rule adopted by railroad company for protection of public as to giving signals at crossings, as evidence of negligence toward member of public, are collected in a note in 8 L.R.A.(N.S.) 1063.

The question of excessiveness or inadequacy of damages for personal injuries resulting in death is discussed in a comprehensive note in L.R.A. 1916C, 820.

**Accident at railway crossing — ringing of bell.**

2. There is evidence from which the jury might find that the train which caused a collision in this case approached without ringing a bell.

**Same —special precautions by railway company — question for jury.**

3. The court may, under proper circumstances, submit to the jury the question whether ordinary care requires that a railroad company, when approaching a busy city street crossing, should take some further precaution for the protection of the public than the giving of the usual crossing whistle and the ringing of the engine bell, and whether ordinary care requires that the company maintain gates, a flagman, a system of automatic bells, or some other appliance to warn travelers of the approach of the train, although no statute or ordinance has required any of those particular precautions.

**Negligence of gratuitous passenger.**

4. Deceased was a gratuitous passenger in an automobile which came into collision with a train. It is not plain that he could have done anything to avoid the collision, and it cannot be held that he was negligent as a matter of law.

**Damages not excessive.**

5. $4,585 as damages for death of a farmer 61 years old, who left a daughter 13 and a son 20 years of age, and four married sons and daughters, is not excessive. Children not presently dependent may be taken into account in assessment of damages.

Action in the district court for Stearns county by the administrator of the estate of Stephen Zenner, deceased, to recover $7,500 for the death of his intestate. The case was tried before Roeser, J., and a jury which returned a verdict in favor of plaintiff for $4,585. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*M. L. Countryman* and *A. L. Janes,* for appellant.

*J. D. Sullivan* and *H. H. Sullivan,* for respondent.

HALLAM, J.

Stephen Zenner, riding in the front seat of an automobile driven by the owner, his son-in-law, Joseph Pohl, was killed by collision with one of defendant's trains at a crossing in the city of St. Cloud. Plaintiff sued for damages and recovered a verdict. Defendant appeals.

Plaintiff claims negligence in operating the train at an excessive rate of speed, without ringing the bell, and that the crossing was such as to require either gates, a watchman or automatic crossing signals. Defendant denies negligence, alleges contributory negligence, and claims the damages allowed are excessive.

1. Three surviving occupants of the automobile testified that the train approached at a speed of from 20 to 25 miles an hour. None of them saw the train until it was within 60 feet from the place of collision. Defendant's contention is that this evidence is without probative effect and is not sufficient to sustain a finding that the speed of the train was as they state. With this we cannot agree. There is no question that the witnesses were competent to give an estimate as to the speed of the train if they had sufficient opportunity to observe its movement. We cannot say that they had not. The case is different from Beecroft v. Great Northern Ry. Co. 134 Minn. 86, 158 N. W. 800. There the only witness as to speed was the plaintiff· who was injured and who did not see the train at all until the moment that he was struck. We think the evidence in this case is sufficient to sustain a finding that the train was traveling at a negligent rate of speed.

2. The claim of plaintiff is that as the train approached the bell was not ringing. If this was the fact, the omission was doubtless negligence. The only evidence that the bell was not rung was that of the surviving occupants of the automobile. Their evidence is not, as defendant claims, merely to the effect that they did not hear the bell. One at least testified positively that the bell did not ring. The others testified they did not hear it ring, and that they were so situated that they would have heard it had it been rung. There is sufficient evidence that the bell did not ring. Cotton v. Willmar & S. F. Ry. Co. 99 Minn. 366, 109 N. W. 835, 8 L.R.A. (N.S.) 643, 116 Am. St. 422, 9 Ann. Cas. 935.

3. The court submitted to the jury the question whether ordinary care required the maintenance at this crossing of gates, or a flagman, or a system of electric bells or other appliances, to warn travelers upon the street of the approach of trains, and permitted them to find that the absence of any such precautions was negligence. Defendant argues that in the absence of a statute requiring railroad companies to install gates or automatic signals, or to station watchmen at crossings, none of these

things can be required, and negligence cannot be predicated on the failure of the railroad to supply them, and that if the court holds otherwise, it is establishing by judicial decree a ground of negligence that can only be established by statute or ordinance. We cannot take this view. Of course the legislative power may require that railroad companies take certain precautions for the protection of the public, and, when it does so, its requirements in this regard are absolute, and failure to observe them is negligence. Summer v. Chicago & N. W. Ry. Co. 122 Minn. 44, 141 N. W. 854; Schaar v. Conforth, 128 Minn. 460, 151 N. W. 275. But if the legislature imposes no requirement, the courts are bound as best they can to determine what acts or omissions are negligent. Though there were no statute on the subject at all, the courts might determine that ordinary care required that a railroad company equip its engines with a bell and whistle. Where a railroad company does supply them, a court may find that failure to sound them under certain conditions is negligence: Loucks v. Chicago, M. & St. P. Ry. Co. 31 Minn. 526, 18 N. W. 651; Czech v. Great Northern Ry. Co. 68 Minn. 38, 70 N. W. 791, 38 L.R.A. 302, 64 Am. St. 452; Croft v. Chicago G. W. Ry. Co. 72 Minn. 47, 74 N. W. 898, 80 N. W. 628; and, though the statute requires that they be sounded under certain conditions, the court may still find that under particular circumstances full compliance with the statute is not enough, but that ordinary care requires that they be sounded more frequently than the statute absolutely requires. Struck v. Chicago, M. & St. P. Ry. Co. 58 Minn. 298, 59 N. W. 1022. Just as surely then must it be said that it is within the power of the court to determine that, under particular circumstances, signal by an engine bell and whistle is not sufficient, but that ordinary care requires that other precautions be taken for the safety of the public; for there is no reason why the power of the court to pass upon the sufficiency of warning should extend to one class of signals and not to others. In all cases the court may determine what precautions constitute ordinary care, and may exact such as ordinary care requires. The view here taken is in accordance with the weight of authority. Continental Improvement Co. v. Stead, 95 U. S. 161, 24 L. ed. 403; New York S. & W. R. Co. v. Moore, 105 Fed. 725, 45 C. C. A. 21; Newport News & M. V. Co. v. Stuart's Admr. 99 Ky. 496, 36 S. W. 528; Illinois Cent. Ry. Co. v. Coley, 121 Ky. 385, 89 S. W. 234, 1 L.R.A.(N.S.) 370; Freeman v. Duluth,

S. & A. R. Co. 74 Mich. 86, 41 N. W. 872, 3 L.R.A. 594; Pennsylvania R. Co. v. Matthews, 36 N. J. Law, 531. See Bolinger v. St. Paul & D. R. Co. 36 Minn. 418, 31 N. W. 856, 1 Am. St. 680. The charge did not require the jury to determine what particular precautions should have been taken. What the court submitted was the question whether ordinary care required that some precaution other than the sounding of a crossing whistle and the ringing of the engine bell should have been taken. We think the instruction was proper.

The question whether any of the precautions mentioned in the charge are necessary at country road crossings is not before us. We decide only the question submitted by the record. This crossing is described as the "busiest" in this city of 10,000 inhabitants. We hold that the jury might fairly find that at such a crossing the blowing of a crossing whistle and the ringing of an engine bell are not sufficient, that they might find that ordinary care requires some other precaution, either crossing gates, or a flagman, or automatic bells or some other warning device.

Lawler v. Minneapolis, St. P. & S. S. M. Ry. Co. 129 Minn. 506, 152 N. W. 882, is not an authority to the contrary. What the court decided in that case was that the operation of a train at a speed of from 48 to 60 miles an hour over a village crossing not supplied with gates, a watchman or signal bells, could be found to be negligence. The casual statement that since no statute or ordinance required the company to furnish a flagman, or gates or signal bells, "it is *probable* that its failure to do so does not constitute actionable negligence," would hardly be construed as a decision of the question involved here. It was not an issue in that case.

4. The question of the contributory negligence of deceased was properly submitted to the jury. The approach of the train could not be seen until the automobile came within about 40 feet of the track. The driver saw it at that point. This distance was covered by the automobile in three or four seconds. Deceased was a gratuitious passenger. If the driver was negligent, his negligence could not be imputed to deceased. In a recent case we had occasion to consider the duty of care required of one riding as a passenger in an automobile. Carnegie v. Great Northern Ry. Co. 128 Minn. 14, 150 N. W. 164; see also Howe v. Minneapolis, St. P. & S. S. M. Ry. Co. 62 Minn. 71, 64 N. W. 102, 30 L.R.A. 684, 54 Am. St. 616, and Liabraaten v. Minneapolis, St. P. & S. S. M. Ry. Co. 105 Minn.

207, 117 N. W. 423, 15 Ann. Cas. 1147. It is not necessary to repeat here what was said there. Such a passenger must exercise such care as an ordinarily prudent passenger would. It is not clear that deceased was in any sense to blame for the accident. It is not clear what he could have done to avoid it. We cannot say that he was negligent as a matter of law.

5. The verdict was for $4,585. Deceased was a farmer 61 years old. He left six children, four of them married, a single son of 20, and a daughter of 13. This daughter suffered the greatest pecuniary loss, the loss to the son of 20 might appeal to the jury as substantial, and the loss to children not presently dependent, while it could not possibly be large, might still be found to be more than nominal. Damages in an appreciable amount have been allowed to parents not presently dependent; Kerling v. G. W. Van Dusen & Co. 113 Minn. 501, 129 N. W. 1048; Erdner v. Chicago & N. W. Ry. Co. 115 Minn. 392, 132 N. W. 339; Carver v. Luverne Brick & Tile Co. 121 Minn. 388, 141 N. W. 488; and to brothers and sisters not presently dependent. Anderson v. Duluth & I. R. R. Co. 116 Minn. 346, 133 N. W. 805. Very substantial damages were allowed in one case to a son nearing his majority. Healy v. Hoy, 115 Minn. 321, 132 N. W. 208.

We are not concerned now with the question of how the amount of the verdict should be distributed, but the statute allows recovery for the full pecuniary loss.

Order affirmed.