## LENA KLARE v. SWAN J. PETERSON[1].

November 14, 1924.

No. 24,179.

On question of contributory negligence of decedent, jury could find for plaintiff.

1. The presumption that one who lost his life in an accident exercised due care for his safety may be overcome by direct proof or by facts and circumstances which lead to the conclusion that due care was not exercised. Only where the evidence of contributory negligence leaves no room for an honest difference of opinion among reasonable men, is it permissible for the court to direct a verdict for the defendant. Plaintiff's intestate, on entering a street intersection, had the right to assume that the driver of defendant's truck would not violate the law of the road or drive in a negligent manner. The evidence warranted the jury in finding in plaintiff's favor on the issue of contributory negligence.

Positive testimony of eye witness should not be rejected.

2. A court may not disregard the positive testimony of an unimpeached witness, unless it is so improbable or contains so many contradictions as to furnish substantial reasons for concluding that it was false. Applying the rule stated, it is *held* that the testimony of an eye witness of the accident should not be rejected.

[1]Reported in 200 N. W. 817.

Action in the district court for Hennepin county by the adminis-
tratrix of the estate of George C. Klare, deceased, to recover $7,500
for his death. The case was tried before Converse, J. and a jury
which returned a verdict for the amount demanded. From an
order denying his motion for judgment notwithstanding the verdict
or for a new trial, defendant appealed. Affirmed.

*Merriam & Wright* and *Jamison, Stinchfield & Mackall,* for appel-
lant.

*Cobb, Wheelwright, Hoke & Benson* and *R. A. Scallen, Courtright,
Sidner, Lee & Gunderson,* for respondent.

LEES, C.

Action for death caused by the wrongful act of Fred Nelson, the
driver of defendant's truck. Plaintiff recovered a verdict and de-
fendant appealed from an order denying his motion in the alterna-
tive for judgment or a new trial.

The accident happened at the intersection of Franklin avenue
and First avenue South in the city of Minneapolis as the deceased
was going to his place of work on a motorcycle at about 8 a. m.
He was on Franklin avenue and came to the intersection from
the east as Nelson came from the south on First avenue. It was
Nelson's intention to cross Franklin avenue and go farther north
on First avenue. The two men reached the intersection at about
the same time and, under the circumstances disclosed by the evi-
dence, the deceased had the right of way. See section 22, p. 164,
chapter 119, Laws 1917. There was nothing to obstruct the view
of either man. They either saw or could have seen each other as
they approached the intersection. The speed of the truck was
variously estimated at not less than 15 and not more than 30 miles
an hour, and that of the motorcycle at 20 miles an hour. Nelson
testified that when he got to Franklin avenue the motorcycle was
so near that he feared a collision and, to avoid it, swung the truck to
the left, and as he turned west the motorcycle came up to the
side of the truck and there was a crash; that he stopped, went back
and found the motorcycle against a tree near the northwest cor-

ner of the intersection and the deceased lying on the grass between the tree and the sidewalk. The deceased lived 5 days after the accident, but was unconscious all of the time.

Witnesses for the plaintiff testified to facts indicating that the truck began to turn to the left when it reached the south line of Franklin avenue, that it did not keep to the right of the center of the intersection, as required by section 2634, G. S. 1913, and that it collided with the motorcycle and ran against the curb on the north side of Franklin avenue.

1. Defendant's first contention is that contributory negligence on the part of the deceased was conclusively established.

We are asked to apply the rules by which we are guided in considering that contention when made in railroad crossing cases. It is not argued that as high a degree of care should be exercised in crossing a street as in crossing a railroad track. The argument is that a driver of a vehicle comes to a street intersection with knowledge that other vehicles may come at any moment from any direction and, when he has a clear view and fails to look before he enters the intersection, he is chargeable with negligence as a matter of law.

We have often held that one who loses his life in an accident is presumed to have exercised due care for his own safety. The presumption is comparable to that of right conduct. It may be overcome by direct proof or by facts and circumstances which lead to the conclusion that due care was not exercised. Nelson v. North. Pacific Ry. Co. 119 Minn. 347, 138 N. W. 419; Carson v. Turrish, 140 Minn. 445, 452, 168 N. W. 349, L. R. A. 1918F, 154.

We have said again and again that it is only where the evidence of contributory negligence is so clear as to leave no room for an honest difference of opinion among reasonable men that the court can enter upon the province of the jury and direct a verdict for the defendant. Dunnell, Minn. Dig. §§ 7033, 7048. The deceased was bound to look for vehicles about to cross his path, but he had the right to assume that no one would violate the law of the road or drive in a negligent manner. In short, he was not bound to

anticipate Nelson's negligence or disobedience of the statute.  Hillstrom v. Mannheimer Bros. 146 Minn. 202, 178 N. W. 881.

With these general principles in mind, we turn to a consideration of the showing of contributory negligence.

Grant that the deceased saw the truck before he came to the intersection and that by checking the speed of his motorcycle, or by swerving to the left, he could have passed by in safety, this is not enough to establish negligence on his part.  The evidence warranted a finding that the deceased was justified in acting on the assumption that Nelson would yield the right of way; that he would not turn to the left without giving a warning signal; and that he would not drive so close to the curb as to crowd the deceased off the street.  Herein, as we view the record, there was such a weakness in the showing of contributory negligence as to require the submission of that issue to the jury and to warrant a finding adverse to defendant.

2.  Defendant's only other contention is that a witness called by the plaintiff was so much of a partisan and her testimony is so full of contradictions and inconsistencies that it is utterly unworthy of belief; that no unbiased jury would give it any weight, and, unless the jury gave it credence, plaintiff failed to establish actionable negligence.  No useful purpose would be served by discussing this testimony.  It was not wholly without corroboration in several material particulars.  The jury and the trial judge were in a much better position than we are to weigh it and determine whether the witness actually saw the things to which she testified.  A court may not disregard the positive testimony of an unimpeached witness unless it is so improbable or contains so many contradictions as to furnish substantial reasons for believing it to be false.  The rule in this regard is well stated in Second Nat. Bank v. Donald, 56 Minn. 491, 58 N. W. 269, and in Nelson v. Bullard, 155 Minn. 419, 194 N. W. 308, where the more recent cases are collated. Under the rule, the testimony in question cannot be rejected.

Order affirmed.