## CHRISTINA FABER v. R. J. HERDLISKA.[1]

April 18, 1935.

No. 30,194.

E. L. McMillan, for appellant.
Jesse A. Schunk, for respondent.

[1]Reported in 260 N. W. 500.

LORING, JUSTICE.

In an action for death by wrongful act arising out of an automobile accident the defendant had a verdict and has appealed from an order granting a new trial upon errors of law alone.

The accident occurred about six o'clock in the evening of July 13, 1933, near the eastern village limits of New York Mills. Faber, the plaintiff's intestate, was driving easterly on trunk highway No. 2 in a small open car not equipped with a top. The main part of the village of New York Mills is considerably to the west of the point where the collision occurred. Faber stopped to allow a boy to alight from his car at a point somewhere near the main part of the village. He then proceeded easterly at a leisurely pace toward the driveway leading north to his ten-acre farm, which was inside the village limits. He was seen by a witness when he had arrived at a point close to this driveway, where it is claimed he gave a signal for the left-hand turn. He attempted to cross the westbound traffic lane and to make the turn to the left into his driveway and collided with the left side of the defendant's car, which was approaching from the east on the northerly side of the highway. It was broad daylight, but the western sky was clouded so that there was no sun in the eyes of either driver. The roadway was dry, although a shower occurred shortly after the collision. For more than a block west of the intersection Faber had an unobstructed view to the eastward along the highway for over half a mile. The road curves slightly to the south. The cars were in full sight of each other when they were more than three blocks apart. The defendant's car was approaching the entrance of the Faber driveway at fully twice the speed at which Faber was going.

The jury found for the defendant, and the trial court granted a motion for a new trial on the ground that it had erred in not submitting to the jury the question of whether the collision occurred within the residential portion of the village as specified in the traffic act. 1 Mason Minn. St. 1927, § 2720-4. If, however, the defendant was entitled to a directed verdict, error, if any, in the charge would be immaterial, and the order should be reversed and the verdict reinstated.

The driveway into which Faber was seeking to turn was not a regular highway intersection. It was a mere driveway into his ten-acre farm. As he came down the road Faber must necessarily have seen defendant's car coming rapidly westward toward the driveway and in the lane of traffic which he must cross in making a left turn into the drive. Faber's car was an open one with no obstruction whatever to his view of traffic coming in the opposite direction. The defendant and his passenger testified that Faber gave no signal of a left-hand turn but that as they were close to the drive Faber started to swing across the road and as defendant attempted to stop his car Faber collided violently with it on its left-hand side. There is no dispute to this evidence except by one Windel, who from a point 500 or 600 feet west of the place of collision claims to have seen Faber extend his left arm when he was approaching his drive. Windel's testimony seems improbable because he claims not to have seen any car approaching from the east, though it must have been in plain sight if he saw what he claims to have seen. He also said that he did not see nor hear the collision, which must have taken place almost instantaneously after he claimed to have seen the signal. Where no evidence of the conduct of the deceased, either direct or circumstantial, appears, there is, of course, in death cases a presumption of due care on his part; but that presumption must yield to evidence. When undisputed credible evidence is received, the presumption vanishes. It does not remain to create an issue of fact as against such evidence. 5 Wigmore, Evidence (2 ed.) § 2491; 1 Greenleaf, Evidence, p. 102; Western & A. R. Co. v. Henderson, 279 U. S. 639, 49 S. Ct. 445, 73 L. ed. 884; Duggan v. Bay State St. Ry. Co. 230 Mass. 370, 119 N. E. 757, L. R. A. 1918E, 680; Hawkins v. Kronick C. & L. Co. 157 Minn. 33, 195 N. W. 766. Circumstantial evidence is sufficient to rebut it. Nelson v. N. P. Ry. Co. 119 Minn. 347, 138 N. W. 419. Here the circumstances alone show conclusively that Faber either failed to look for defendant's car, plainly visible, or ignored its proximity. It could be seen for nearly half a mile. It was coming at 40 miles an hour. The road, a broad, smooth, hard-surfaced trunk highway, was very slightly curved so that there was no

chance of misapprehending defendant's speed. Faber was traveling at a slow rate and must have had such control of his car that the slightest diligence on his part would have avoided his running into defendant's car. This is a much more flagrant case of contributory negligence than was Sorenson v. Sanderson, 176 Minn. 299, 223 N. W. 145, where the collision occurred at a street intersection, not at a driveway.

We are of the opinion that Faber was guilty of contributory negligence as a matter of law.

Order reversed.

DEVANEY, CHIEF JUSTICE (dissenting).

I cannot agree. The order granting a new trial should be affirmed. In my opinion it clearly was a question for the jury as to whether deceased was guilty of contributory negligence. The conflicting testimony made this a fact question which this court should not decide as a matter of law. It was error for the court not to instruct the jury as to 1 Mason Minn. St. 1927, § 2720-4(7), which prescribes 20 miles per hour as a speed limit where a highway passes through the residential portion of any municipality. It appears from the evidence that the place where deceased was killed was within the village limits of New York Mills; that the land in that part of the village was platted into rather large lots; that there were several residences situated along the north side of the road and that on the south side of the road there were railroad tracks and a railroad yard. It seems to me that it was a fair question for the jury as to whether the place where the accident occurred was a residential portion of a municipality. Not having left this question to the jury, the court acted properly in granting a new trial. Nor do I think the plaintiff has lost his right to object to this instruction wherein the court omitted this section of the statute merely because he did not object nor except at the trial when it was given. He sufficiently specified it as error in his motion for a new trial. I believe the order should be affirmed.