## MINNIE H. OST v. O. H. ULRING.
## ROGER OST v. SAME.[1]

May 17, 1940.

No. 32,326.

[1]Reported in 292 N. W. 207.

*Leach & Swore, Faegre, Benson & Krause, Paul J. McGough,* and *Wright W. Brooks,* for appellant.

*Dell & Dell* and *Chester G. Rosengren,* for respondents.

HOLT, JUSTICE.

On a bright, sunny day on June 17, 1938, at 1:20 p. m., a collision occurred within the city limits of Alexandria, where state highways Nos. 52 and 29 intersect, between a Ford car owned and driven by Albert F. Ost, plaintiff Minnie H. Ost's husband, and a Chevrolet car owned and driven by defendant. In the Ford were, besides the driver, his wife and their four minor children. Defendant was alone in the Chevrolet. Mr. Ost received a cut over the left eye and some leg bruises. The youngest child of the Osts, Roger, five years old, was also injured, some teeth knocked out, and the lip cut. Mr. Ost died three weeks after the collision. Roger was hospitalized for a week or ten days. Minnie H. Ost, appointed and qualified as administratrix of her husband's estate, sued to recover damages sustained by decedent's next of kin,

alleging his death to have been caused by the wrongful act of defendant. Roger, by his mother and natural guardian, also sued for personal injuries received by him in the collision, alleging it to have been caused by the negligence of defendant. The two actions were tried together and verdicts returned for plaintiff administratrix in the sum of $6,575, and for plaintiff Roger in the amount of $970. Defendant appeals from the orders denying his motions in the alternative for judgments notwithstanding the verdicts or new trials.

The assignments of error which need consideration are: (a) Is defendant entitled to judgments notwithstanding the verdicts? (b) Is the defendant entitled to new trials because of the exclusion of the testimony and documents offered by Dr. Hall? (c) Was there misconduct of counsel for plaintiffs requiring new trials? and (d) Are the verdicts so excessive as to indicate passion or prejudice on the part of the jury?

In addition to what is already stated, this may be added: Highway No. 52 is paved, 20 feet wide, with center marked, and runs easterly and westerly. Highway No. 29 is tarvia-surfaced, center line marked. It comes from the north, and as it meets the pavement of No. 52 it flares to the east and west so as to accommodate traffic that intends going east and west on No. 52. Each flare is marked with a center line. No. 29 does not continue as a state highway south of the intersection with No. 52, but apparently there is a dirt street continuing south. About 230 feet east of No. 29, No. 52 passes under a railroad from which there is an upgrade. No. 52 is perfectly straight for several blocks east and west of the intersection, so that one coming from the east on No. 52 can see a car approaching from the west for more than a block before coming to the intersection, and the same is true as to one coming from the west. At the time in question Ost was driving east on the south lane of No. 52, and defendant west on the north lane thereof. It is virtually undisputed that as Ost was approaching the intersection, intending to turn north on No. 29, he traveled at about 20 miles an hour. There is testimony that as defendant was coming up from the

underpass he was going over 50 miles an hour. There was evidence that for more than 50 feet back of the intersection Ost extended his left arm, indicating an intention to turn into No. 29. Defendant denies that, but claims that Ost made an abrupt turn to the left, and as he did so defendant applied his brakes so hard that the rubber of the tires burned skid marks into the pavement for a distance of 38 feet. The front right corner of the Ford was struck by the Chevrolet and pushed back a car length, with the result stated to Ost and Roger. It is plain that the collision was due to the negligence of one or both of the drivers. Under the conditions then and there existing, there ought not to have been any collision between the two cars. There was nothing to distract the attention of either driver. No other vehicles besides the Ford and Chevrolet were approaching this intersection, except one car following the Ford some 30 or 40 feet behind it. Without further recital of the testimony it is apparent that defendant's negligence and Ost's contributory negligence were both for the jury. Defendant asserts that Faber v. Herdliska, 194 Minn. 321, 260 N. W. 500, presented a situation identical with the one at bar, where it was held that the plaintiff's decedent was guilty of contributory negligence as a matter of law. There the decedent, driving east on the south lane of a trunk highway, having a clear view of the defendant's car, approaching fast from the east on the north lane of travel, collided therewith in attempting to turn left into the driveway to his premises north of the highway. A person some 600 feet from the accident testified to seeing the decedent holding out his left arm just before the turn, but this court held such testimony uncertain and unreliable and conclusively overcome by the positive testimony of the defendant and one riding with him that decedent gave no sign of intention to turn into the driveway. In the instant case Mrs. Ost, sitting in the front seat, testified positively that Mr. Ost held out his left arm for some distance in advance of the turn and so did Mr. Olsen standing near the collision.

Whether the injuries sustained in the collision by Mr. Ost caused his death was submitted to the jury. His family physician,

Dr. Tanquist, who saw and treated Ost a few hours after the collision, was of the opinion that the blow received on the left temple caused a brain injury which resulted in his death. The same conclusion was arrived at by Dr. Ahrens. On the other hand, Dr. Stone and Dr. Kierland were of the opinion that the cause of death was not the blow to the head received in the collision, but his excessive use of hard liquor for a considerable period of time. There is evidence sustaining the finding, implicit in the verdict, that the injury sustained by Ost in the collision caused his death. Defendant was not entitled to a directed verdict nor to judgment notwithstanding the verdicts.

January 27 and 29, 1938, almost five months before the accident, Mr. Ost went to the Mayo Clinic for examination and treatment. His history was taken, tests were made, all entered on the records of the clinic. Dr. Hall, who took the history and verified the tests, was called as a witness by defendant, but his testimony, as well as the clinic's records, produced by the doctor, were excluded on plaintiff's objection invoking the protection of 2 Mason Minn. St. 1927, § 9814(4). The question presented by the ruling was fully considered in Doll v. Scandrett, 201 Minn. 316, 317, 276 N. W. 281, where a bare majority held that "where the examination and treatment of a patient by two or more physicians or surgeons is a unitary affair and the patient permits one of them, as his own witness, to testify as to the whole matter, the privilege against disclosure afforded by the statute * * * is thereby waived." The case at bar certainly does not come within the rule as limited in the foregoing quotation. A discussion or reference to the many decisions cited by the parties to this appeal, or to attempt to group them, would serve no useful purpose. Doll v. Scandrett, 201 Minn. 316, 276 N. W. 281, is not authority for a further extension of waiver of the privilege of the statute than therein made. It is claimed that because it was announced that we adopted the rule announced in certain cited cases, among which are Steinberg v. New York L. Ins. Co. 263 N. Y. 45, 188 N. E. 152, and Maine v. Maryland Cas. Co. 172 Wis. 350, 178 N. W. 749, 15 A. L. R. 1536, there was prejudicial error in ex-

cluding the testimony offered. It may be noted that in the Steinberg case it was held that plaintiff by introducing the testimony of the physician who treated him for the disability for which he sought recovery under his policies thereby waived the statute as to medical testimony as to the length of time he had suffered from the same disease. In the case at bar the medical testimony offered by plaintiff related to something that happened long after the visit to the Mayo Clinic. While in the Maine v. Maryland Cas. Co. case, 172 Wis. 350, 178 N. W. 749, it was held that the trial court, on the defendant's motion, rightly struck out the testimony of the doctor who treated the plaintiff's decedent as prohibited by the statute, it also held that the history of what he suffered from was inadmissible. In the instant case the chief purpose of defendant in offering the testimony of Dr. Hall and the records of the clinic was the statement of Mr. Ost, in giving his history, that he drank a pint of whiskey daily. Defendant also says that the legislature has indicated a policy which tends to admit records like those of the Mayo Clinic by the enactment of L. 1939, c. 78 (3 Mason Minn. St. 1940 Supp. §§ 9870-1 to 9870-5). It is enough to say that this act was approved two days after the verdicts herein were returned. Another claim of waiver is urged in that Mrs. Ost, the beneficiary in two life insurance policies issued to Mr. Ost, in making proof of loss by a letter signed by her personally, authorized the Mayo Clinic to exhibit its records to the insurer, the Prudential Insurance Company. No argument is needed to show that Mrs. Ost, acting in a matter personal to her alone, does not thereby waive a right or privilege she had as representative of the next of kin of her deceased husband. It may well be that the statute in question sometimes prevents the discovery of the true facts in a lawsuit and thereby thwarts justice. But it is for the legislature to amend or repeal the law.

The attorney for plaintiffs is accused of misconduct in the final argument to the jury. This exception was taken by defendant's attorney:

"At the close of plaintiffs' argument the defendant excepts to that portion of the argument as highly improper and prejudicial in which plaintiffs' counsel made the following statement: 'If you find an insulting letter in the correspondence, Exhibits A to A-13, inclusive, then you bring in a verdict for the insurance company.' "

To that exception plaintiffs' attorney stated that he did not think he used the words "insurance company," but if he had it was an inadvertence, he had intended to say "defendant." This was followed by some statements that defendant and not plaintiffs had brought the matter of an insurance company into the cases. To this the attorney responded by requesting the court to instruct the jury to disregard all mention of the insurance company and advise the jury that it is not a party and to decide as between the parties named. The court in the charge fully and explicitly complied with the request. There was no misconduct of plaintiffs' counsel of which defendant may complain.

The amount of Roger's verdict is not challenged. The verdict for the administratrix cannot be regarded as excessive if the jury believed the testimony that Mr. Ost before the accident was in good health and not an alcoholic addict. He was 46 years old, and the testimony is undisputed that he had supported his family of wife and six children well. There is abundant testimony that, although Ost owned and managed a pool hall, he used no hard liquor, but did drink beer. From the evidence the jury could find that his use of beer did not interfere with his work or affect his health. We cannot hold that the verdict is so large as to indicate that passion or prejudice actuated the jury.

The orders are affirmed.