EDWARD LARSEN v. MINNEAPOLIS STREET RAILWAY COMPANY.[1]

April 16, 1937.

No. 31,150.

[1]Reported in 272 N. W. 595.

*A. E. Bryngelson,* for appellant.
*Ralph T. Boardman* and *John F. Dulebohn,* for respondent.

JULIUS J. OLSON, JUSTICE.

Plaintiff met with an adverse verdict in his action to recover damages for personal injuries suffered in a collision between a streetcar owned and operated by defendant and an automobile in which he was riding as a guest passenger. Plaintiff's claims respecting the negligent cause and the attendant circumstances are related in his own language as follows:

"On May 22, 1934, I was riding easterly upon and along Sixth street at and near the intersection of Nicollet avenue at about 5 p. m. I was riding with Mr. H. B. Jensen in the front seat of his car, Mr. Jensen driving. Mr. Jensen's son, Herbert, was in the back seat. Mr. Jensen passed a streetcar which was loading passengers upon Sixth and Nicollet, the streetcar going southeasterly on Sixth street. As we crossed Nicollet avenue, we crossed the street with the "Go" sign. When we got to a point where the rear end of our car was about 15 feet past the crosswalk on Nicollet avenue and Sixth street, that is the southeasterly crosswalk on Nicollet avenue, the car in front of us made a stop. We also stopped and while standing in this stopped position there was a space of about approximately five or six feet between our car and the one in front of us. While standing still in this position for a period of about four to five seconds, the streetcar struck the left rear part of the Jensen automobile forcing the auto upon and against the automobile which was ahead of us. The damage to the automobile in which I was a passenger was to the left rear fender near where the same joins the running-board, it being dented at that point. Hubcap on the left rear wheel was knocked off and two or three wire spokes of the left rear wheel were broken. While the Jensen car was in the standing still position, I had my right hand on the latch handle which is located in about the center of the door a few inches from the lower part of the window on that door. This latch handle just fits my hand and my hand rested comfortably in that position when the force of the blow and the jar of the same came."

There is other evidence in the case amply sustaining plaintiff's version of the fact situation, and there is also this to be added: Immediately after the impact the motorneer stated, "I thought I could clear you," this remark or admission being made to Mr. Jensen in the presence of plaintiff and Jensen's son, Herbert.

Plaintiff's right hand and thumb are claimed to have been injured because of the mishap. The reason for defendant's claim that the question of contributory negligence was in the case is founded upon the following question and plaintiff's answer:

Q. "You knew, did you not, sitting in the position that you were in, and holding your hand on the door latch in the position it was at time of accident, that if your auto came suddenly in contact with another car or made a sudden stop, that your weight would be thrown on that thumb and you would be apt to injure it?

A. "Yes."

There is nothing else upon which such claim can rest.

The court submitted to the jury as fact issues defendant's negligence and plaintiff's contributory negligence. A general verdict for defendant was returned. Plaintiff appeals from the resulting judgment, assigning several errors. We shall consider only those relating to the question of contributory negligence. The record leaves no doubt that plaintiff's counsel adequately preserved his rights respecting that issue by appropriate exception at the time the charge was given, and later included in his motion for new trial.

In substance and effect defendant's contention is this: "To defeat a recovery because of the contributory negligence of the plaintiff, such negligence must contribute proximately as a cause of the *injury,* but it need not be itself the proximate cause of it"; citing in support 4 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934) § 7015, and cases cited. The question of contributory negligence frequently has been a troublesome one, as our cases abundantly demonstrate. We had occasion recently in the case of Guile v. Greenberg, 192 Minn. 548, 257 N. W. 649, 650, to go thoroughly into that question as applied to the facts there appearing. There plaintiff was climb-

ing over or around the hood of a moving truck to make certain adjustments while the truck was in motion. Defendant was backing her car out of the parking line, and while so doing the two vehicles came into collision. Plaintiff was injured. There, as here, the questions of proximate cause of plaintiff's hurt, whether chargeable to defendant as a negligent act in backing her car into plaintiff's lane of traffic, and whether plaintiff was contributorily negligent because of his exposed position, became and necessarily were considered and determined by the court as vital issues. That plaintiff's position in that case was much more dangerous and precarious than plaintiff's position in this case cannot be doubted. Without question it was one fraught with obvious danger. This court, reversing the trial court which had directed the verdict for defendant on the ground that plaintiff's contributory negligence precluded recovery, said (192 Minn. 551):

"Regardless of how negligent plaintiff might have been, if his actions did not contribute to or were not a material element in the happening of the accident here involved, the defense of contributory negligence is not effective as against him.

" 'The principles which determine whether the causal relation between the plaintiff's conduct and his harm is such as to make the law regard it as a legally contributing cause and, therefore, * * * sufficient to make his failure to exercise reasonable care for his own protection contributory negligence barring him from recovery against a negligent defendant, are the same as those which determine whether the conduct of the actor as defendant is sufficient to make him responsible and, therefore, liable for harm to another. Consequently, * * * the plaintiff's conduct must be a substantial factor operating with the defendant's negligence in bringing about the plaintiff's harm. * * *.' Am. Law Inst. Restatement, Torts (Tent. Draft No. 10), comment to § 3, p. 11."

Clearly, the position of plaintiff's hand upon the door latch could in no manner or form enter into the chain of causation resulting in his injury. "Plaintiff's position did not contribute to the collision although it may have aggravated the resulting injury." *Id.* p.

552, citing Westerberg v. Motor T. S. Co. 158 Minn. 202, 204, 197 N. W. 98.

The very question propounded by counsel for defendant and relied upon by him as well as by the trial court as justification for giving the charge respecting this phase of the matter contains elements having as their foundation something of the unusual, out of the ordinary course of what might be an expected or foreseeable event; that as such the injured plaintiff was in duty bound to be on guard for his own safety if some such event should come into being. But that is not the rule laid down in any of our cases.

*"The proximate cause must have a natural tendency to produce, in the órdinary course of nature and of affairs, the result complained of. 'There are two essential elements in contributory negligence, a want of ordinary care, and a causal connection between the act and the injury complained of.* * * * When the act and the injury are not known by common experience to be naturally and usually in sequence, and the injury does not, according to the ordinary course of events, follow from the act, then the act and the injury are not sufficiently connected to make the act the proximate cause of the injury.' * * * 'Contributory negligence is no more than a case of negligence not dependent on any different rule of law, though presupposing the limitation of the issue of negligence to an inquiry as to which of two persons its final (and wrongful) impulsion is to be attributed.' " (Italics supplied.) Fitzgerald v. International F. T. Co. 104 Minn. 138, 149, 116 N. W. 475, 479.

The question of contributory negligence was not in the case, hence it was prejudicial error to submit it as a fact issue.

Judgment reversed.

Holt, Justice (concurring).

I concur on the ground that plaintiff's answer to the question quoted in the opinion was insufficient upon which to submit the issue of contributory negligence.