WILLIAM J. BUTCHER v. JOHN S. TOMCZIK AND ANOTHER.[1]

June 11, 1937.

No. 31,303.

[1]Reported in 273 N. W. 706.

*Frederick J. Miller* and *Leonard L. Sumner,* for appellants.
*Austin L. Grimes,* for respondent.

HILTON, JUSTICE.

This is an appeal from the judgment of the district court of Morrison county entered upon a verdict rendered for the plaintiff by a jury in an action to recover damages resulting from an automobile accident between a car driven by the plaintiff and one belonging to and operated by the defendants.

The accident occurred at the intersection of Fifth avenue southwest and Fifth street southwest in the city of Little Falls, Minnesota. The only assignment of error is that the trial court erred in denying defendants' motion for judgment notwithstanding the verdict on the ground that the plaintiff was guilty of contributory negligence as a matter of law in failing to look to the left before entering the intersection. The case is before us upon a bill of exceptions containing only plaintiff's testimony and the exhibits. For our present purposes, we must take his testimony as true.

It appears that the plaintiff was proceeding westward on Fifth avenue southwest, and as he neared the intersection he first looked to the right and then straight ahead and there were no vehicles approaching from either of those directions. He then looked to the left and discovered defendants' car approaching. At this time plaintiff had just entered the intersection. He testified that his speed was 15 miles an hour; that his car entered the intersection first; that it traveled 15 feet from the time he first saw the defendants until the collision occurred; and that at the speed he was going he could have stopped his car in its length. He also testified that after the time he first saw the defendants he kept going at the same rate of speed, watching the defendants' car all the time, until he reached the middle of the intersection, before he realized that an accident was imminent. The trial court was of the opinion that the plaintiff could not be held guilty of contributory negligence as a matter of law in not looking to the left before he entered the intersection, and submitted the case and the question of plain-

tiff's contributory negligence to the jury, which found against defendants' contention.

A careful examination of the record convinces us that the trial court was undoubtedly right in submitting the case to the jury. No claim is made that the plaintiff was negligent in anything that he did after seeing the defendants. Obviously, from the time he first looked to the left and saw the defendants' car, plaintiff justifiably relied upon the fact that he was in the intersection first, that the defendants were on his left, and that they would therefore yield the right of way to him. And it certainly cannot be said as a matter of law that had he looked to the left and discovered defendants' car sooner he would not have properly relied upon the same facts and proceeded into the intersection.

It is not necessary for us to decide whether the plaintiff was guilty of negligence as a matter of law in failing to look to the left before entering the intersection, for, even though we may concede that he was, there is still sufficient doubt as to the causal connection between such negligence and the happening of the accident to require the submission of the case to the jury. To hold a person's recovery barred by his own negligence, there must of course be a causal connection between the act of negligence (plaintiff's failure to look to the left before he did in this case) and the happening of the accident. Larsen v. Minneapolis St. Ry. Co. 199 Minn. 501, 272 N. W. 595, and cases cited. As stated in 4 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934) § 7015:

"The plaintiff's negligence must be proximate. That is to say, he is not to lose his remedy merely because he has been negligent at some stage of the occurrence, though without his negligence the subsequent events might not or would not have happened; but only if he has been negligent in the final stage and at the decisive point of the event, so that the mischief, as and when it happens, is immediately due to his own want of care and not to the defendant's."

There is at least enough doubt of such causal connection in this case to take it to the jury, and that determines this appeal. Most of the cases in the briefs relate to the question of whether or not

plaintiff was guilty of negligence as a matter of law, and it is therefore not necessary to consider them. That is a question we do not pass on at this time.

Affirmed.

[1]Reported in 274 N. W. 172.