## MARTIN RANWICK v. J. D. NUNAN.[1]

April 1, 1938.

No. 31,619.

[1]Reported in 278 N. W. 589.

G. P. *Mahoney,* for appellant.
*John G. Priebie* and *Thomas H. McMeekin,* for respondent.

JULIUS J. OLSON, JUSTICE.

Defendant appeals from an order denying his blended motion for judgment notwithstanding or new trial, plaintiff having recovered a verdict of $325.

In this, as in practically all automobile collision cases, there is found the expected conflict as to who is to be blamed for the resulting harm. The jury could find that plaintiff was driving at a moderate rate of speed upon Superior Boulevard in Minneapolis, traveling in an easterly direction. As he approached the private driveway near the westerly end of Dunwoody Institute, he signaled for a left turn to indicate his intention of entering the driveway. His testimony is that he continued holding out his left arm until after a complete turn had been made; before making the turn he found upon looking that there was no vehicle back of him to interfere; that he also looked ahead and saw defendant's car approaching westerly, then some 200 feet away; that because the weather was wet and misty he could not estimate the speed of the approaching car but was of opinion that it was so far away that the turn could be made in safety; that he had reached the northerly curb when struck by defendant's car; that the impact was sudden and violent; and that his car was struck on its right side. Plaintiff suffered personal injuries, and his car was damaged. He brought this action to recover damages therefor.

For defendant a different story is told; but we must necessarily view the facts in the light most favorable to the party whose version the jury believed. To hold otherwise would necessarily subject the court to merited criticism for going beyond its appropriate sphere. So regarding them, it is apparent that fact issues were presented and that the verdict must stand. Faber v. Herdliska, 194 Minn. 321, 260 N. W. 500, does not help defendant. The essential facts are different, as a reading of that case will readily disclose. Fact issues alone are presented. The verdict has effectively

disposed of them. We are bound by the jury's findings where the evidence permits a finding either way. Walsh v. Dahl, 195 Minn. 36, 261 N. W. 476.

■ There is some suggestion made that the court did not adequately explain to the jury the forms of verdict submitted. This is what happened immediately after the court had instructed the jury:

Mr. Mahoney: "And there is the alternative, a third verdict in this case, that has not been explained to the jury. That is, if the negligence of both contributed to the accident, or the cause, there would be a verdict for the defendant without damages.

The Court: "Well, I think I covered that.

Mr. Mahoney: "Well, I didn't understand that. Thank you."

We think the criticism wholly without merit. The court had instructed the jury in respect of the claims of the parties that if they found plaintiff's claims established a verdict for him was to be returned; that if defendant had established his counterclaim they should find a verdict in his behalf, stating that the damages so determined should in either event be inserted in the appropriate form of verdict prepared for their use. In respect of the third form of verdict, the one involved here, the court had fully instructed the jury that if plaintiff's "negligence contributed in any degree to the cause of the injury, he was in law guilty of contributory negligence, and cannot recover." No jury could misunderstand what was required of them under the circumstances related.

Even if the argument now made had any semblance of merit, which it has not, still there could be no reversible error, as the findings for plaintiff under the instructions negative the possibility of a finding for defendant, whether the same be based on plaintiff's contributory negligence or upon his negligence as the sole cause of the accident, thereby permitting recovery by defendant on his counterclaim. The appeal presents nothing of merit. There are other assignments of error, but upon examination thereof we find nothing meriting discussion.

Order affirmed.