# LYMAN GARLAND v. ANNA E. NELSON AND OTHERS.[1]

December 22, 1944.

Nos. 33,761, 33,762.

*Orr, Stark & Kidder,* for appellant Ralph Johnson.

[1]Reported in 17 N. W. (2d) 28.

*Freeman, King & Geer,* for appellants Anna and Axel Nelson.
*Clifford W. Gardner* and *Stearns & Stearns,* for respondent.

MAGNEY, JUSTICE.

Plaintiff recovered a verdict against the defendants Anna E. Nelson, Axel Nelson, and Ralph Johnson for injuries growing out of an automobile accident. They appeal from orders denying their motions for a new trial.

State highway No. 10 in Ramsey county is a paved three-lane highway, with shoulders on both sides. Each lane is nine feet wide. It runs east and west. At the place of the accident it is about level and straight. Snow fell during the evening of October 24, 1942. It melted when it struck the ground but stuck to windshields. The pavement was damp but clearly discernible from the shoulders.

About 1:30 or 2:00 a. m., on October 25, Thomas Doroff was proceeding easterly on this highway. His wife, Ellen, was riding with him in the front seat. A Mrs. Inez V. Stein sat in the rear seat back of the driver, and her brother, Lyman Garland, plaintiff herein, sat on the right-hand side of the rear seat, back of Mrs. Doroff. Defendant Axel Nelson was driving a car belonging to his mother, defendant Anna E. Nelson. Alone in the car, he was going west on the same highway. Defendant Ralph Johnson was driving his car easterly behind the Doroff car. Eleanore Doroff, a niece of Thomas Doroff, was riding with him in the front seat. There was a collision between the Doroff and the Nelson cars, and almost immediately the Johnson car crashed into the Doroff car. Of the seven people in these three cars, five were injured so as to be rendered unconscious. One of them was the plaintiff. For several hours prior to the accident, all the occupants of these cars had spent their time at taverns and had consumed more or less whiskey, except Nelson, who said: "All I had was about two or three beers at the most."

The only question raised on this appeal is whether the court erred in refusing to submit the question of contributory negligence

to the jury. All other grounds urged in the motions for new trial are waived.

Plaintiff brought action against the owners and drivers of all three cars, the Nelsons, Johnson, and plaintiff's host, Doroff. When he rested, the court ordered dismissal as to Doroff. The ruling of the court in refusing to submit to the jury the issue of contributory negligence was excepted to by the other defendants. They claim that if this issue had been submitted to the jury it could have found that plaintiff, a mature and sober man, was riding with an intoxicated driver who became involved in an accident, which according to the testimony of defendant Nelson evidenced drunken driving.

It is necessary to go into some detail as to how the accident happened, giving plaintiff's version first. For about half a mile, Doroff had been driving his car east in the south lane, his own. Nelson was going west in the north lane. Only one of his headlights was working. When the cars were about 250 feet apart, Nelson started to pull over into Doroff's lane. For the last 100 feet, half or more of Nelson's car was in the south lane, and the collision took place there. Nelson was traveling about 40 miles per hour and did not decrease his speed. Doroff at the time of the collision had decreased his speed to between five and ten miles per hour and was driving at the extreme edge of the pavement. Johnson was following the Doroff car. The Doroff car had not stopped, or had just stopped, moving after its collision with the Nelson car when Johnson crashed into its side. It seemed like one crash. Nelson, on the other hand, claims that he saw two cars coming toward him and that the second car turned out to pass the first one, that it came over into his (Nelson's) lane and there crashed into him. He was sure he did not come in contact with the first car. Johnson testified that he was following the Doroff car. So did his guest passenger and all the other witnesses who were asked about it, except Nelson. Johnson said that Doroff was driving partially in his (Doroff's) right lane and partially in the passing lane. He also said that he himself was driving close to the right side in the

right-hand lane and that he collided with the Doroff car at about the center thereof.

Since plaintiff was the guest and passenger of Doroff, any negligence on the part of Doroff would not be imputed to him as guest. The only question involved, then, is whether there is sufficient evidence and the kind of evidence of negligence on the part of plaintiff himself in riding with Doroff to require the submission of the issue of his contributory negligence to the jury.

The testimony for plaintiff as to the amount of liquor consumed by Doroff and his party is to this effect: When Doroff left home that evening to go to the tavern he took with him a half-pint bottle of whiskey. He and his party, consisting of his three guests and Mr. and Mrs. Pat Woods, whom he met at the tavern, had two drinks during the four hours they were at the tavern, the first one shortly after they arrived there. They drank no beer. There was testimony to the effect that Doroff was not under the influence of liquor and drove his car as a sober person would drive it. Dr. Stanley P. Stone, of Ancker Hospital, said there was no odor of liquor on the breath of plaintiff or the other two passengers in the Doroff car, who were taken to the hospital after the accident. It was his duty to find out. He said the method he used was this: "We have them breathe with our face in the path of the breath."

The only other testimony relative to the liquor feature of the case is that of Johnson. He testified that he brought a quart bottle of whiskey with him. He and his companion said they each had three drinks out of this bottle. He said Doroff also took a drink out of it, and that when he left the tavern only half a pint out of the quart was gone. He claims he saw four whiskey bottles at the Doroff table. Two of these were "empties" on the floor underneath the table and one "empty" and one partly filled on the table. He said he wanted the jury to understand that the Doroff party drank three and one-half pints of whiskey that night between 9:30 and 11:30, the time he arrived. He claims that he was sober, but "most everyone" else was drunk. He did not see any member of the Doroff party take a drink, but says that he saw Doroff take

one drink from Johnson's bottle and the last half of the other pint. Doroff and his party said they saw no empty whiskey bottles on the table or under it, but that Johnson seemed drunk.

We have detailed the facts relative to the accident itself and also as to the liquor factor. Upon this state of the record, defendants insist that the court erred in refusing to submit the question of contributory negligence to the jury. The question, then, is whether Johnson's testimony, impeached as it was to a considerable extent, made drinking an issue for the jury.

Defendants cite certain Minnesota cases in support of their position. In Gudbrandsen v. Pelto, 199 Minn. 220, 271 N. W. 465, a case which they rely on chiefly, plaintiff was a passenger riding in a truck driven by the defendant. Through defendant's negligence the truck collided with an automobile, and plaintiff was injured. For three or four hours just prior to the accident in that case, plaintiff and defendant had been traveling together. During that time, they and one other man consumed at least two and one-half pints of whiskey. Another man was present part of the time, but the opinion does not show that he consumed any liquor. Defendant contended that plaintiff was with him from four in the afternoon until eight in the evening, when the accident happened; that plaintiff knew of the whiskey bought and consumed; and therefore that he must be charged with knowledge that defendant was so under the influence thereof that he could not safely drive a truck. This court held that contributory negligence in that case was a jury question. Three members of the court dissented on the ground that the evidence was conclusive that plaintiff knew that defendant was under the influence of intoxicating liquor and that plaintiff was not himself in condition to realize that the hazard of riding with defendant was due to his own voluntary acts. Other Minnesota cases there cited by counsel are Rau v. Smuda, 175 Minn. 328, 221 N. W. 232; Waggoner v. Gummerum, 180 Minn. 391, 231 N. W. 10; and Beckman v. Wilkins, 181 Minn. 245, 232 N. W. 38. They are all cases where a driver was sued by his passenger guest, where it was claimed that the driver was under the influence of intoxicating

liquor, and where the court held that the question of contributory negligence was for the jury.

The problem here is one of proximate cause. Did plaintiff's action in any way proximately contribute to, or was it a material element in, the happening of this accident? As stated in Guile v. Greenberg, 192 Minn. 548, 551, 257 N. W. 649, 650:

"* * * Regardless of how negligent plaintiff might have been, if his actions did not contribute to or were not a material element in the happening of the accident here involved, the defense of contributory negligence is not effective as against him."

The plaintiff's conduct must be a factor operating with the defendant's negligence in bringing about plaintiff's harm. In the Guile case, the court continued (192 Minn. 551, 553, 257 N. W. 650, 651):

"The fact that damage might not have resulted but for plaintiff's placing himself in an exposed position does not necessitate a conclusion that his conduct was a proximate cause of the damage. If his exposed position resulted in injury only through some distinct wrongful act or neglect of another, the other's act is the proximate cause and 'insulates' the original conduct. The injury will be imputed to it and not to the more remote conduct. This is as much true of alleged contributory negligence, Fitzgerald v. International F. T. Co. 104 Minn. 138, 149, 116 N. W. 475, 479, as of alleged negligence, Peterson v. Fulton, 192 Minn. 360, 256 N. W. 901.

\* \* \* \* \*

"* * * Hence, regardless of how negligent plaintiff was, he is not chargeable with contributory negligence in the case at bar since his negligence was not a material element or a substantial factor in bringing about the collision of the two vehicles. Reasonable minds functioning judicially could not differ as to that. Contributory negligence and proximate cause, like other questions, cease to be questions of fact and become questions of law when reasonable minds so functioning upon the facts must reach the same conclusion."

See, also, Denson v. McDonald, 144 Minn. 252, 175 N. W. 108, and

Thorstad v. Doyle, 199 Minn. 543, 550, 273 N. W. 255, 258, where the court said that "there must be 'causal connection' between plaintiff's acts or failure to act and the resulting injury." In Butcher v. Tomczik, 200 Minn. 262, 264, 273 N. W. 706, 707, this court stated:

"* * * To hold a person's recovery barred by his own negligence, there must of course be a causal connection between the act of negligence * * * and the happening of the accident. Larsen v. Minneapolis St. Ry. Co. 199 Minn. 501, 272 N. W. 595, and cases cited. As stated in 4 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934) § 7015:

" 'The plaintiff's negligence must be proximate. That is to say, he is not to lose his remedy merely because he has been negligent at some stage of the occurrence, though without his negligence the subsequent events might not or would not have happened; but only if he has been negligent in the final stage and at the decisive point of the event, so that the mischief, as and when it happens, is immediately due to his own want of care and not to the defendant's.' "

Restatement, Torts, § 465, states:

"The plaintiff's negligent exposure of himself to danger or his failure to exercise reasonable care for his own protection is a legally contributing cause of his harm if, but only if, it is a substantial factor in bringing about his harm and there is no rule restricting his responsibility because of the manner in which his conduct contributed to his harm."

The verdict of the jury against Nelson can be based on one proposition only. It must have found that Nelson drove his car into the Doroff lane of travel and that the accident happened as claimed by plaintiff. If such be the case, as against Nelson, the claimed contributory negligence of plaintiff did not contribute to cause the accident. The Johnson car struck the Doroff car from the rear. How any act or failure to act on the part of plaintiff could have

8

contributed to cause the Johnson-Doroff collision does not appear from the evidence.

Orders affirmed.

