DONALD SEWARD v. MINNEAPOLIS STREET RAILWAY COMPANY.[1]

November 22, 1946.

No. 34,180.

[1]Reported in 25 N. W. (2d) 221.

*Freeman, King & Geer* and *Meagher & Geer,* for appellant.
*Ralph T. Boardman* and *John F. Dulebohn,* for respondent.

LORING, CHIEF JUSTICE.

This is an appeal from an order denying a motion for a new trial after a verdict for defendant in a personal injury action.

Plaintiff was employed as a driver for the Van Bus Delivery Company. About noon of December 22, 1944, he drove the truck assigned to him south on Bryant avenue in Minneapolis and parked it on a two-percent upgrade near the curb on the west side of the avenue just north of its intersection with Fortieth street. The rear of the truck projected at a slight angle from the curb. The crew of the truck consisted of plaintiff, as driver, and one other person, as helper. There was evidence that plaintiff had knowledge that the emergency brake was in defective condition but that it had caused no difficulty while he was driving the truck.

At a previous stop the helper had been entrusted with letters to mail. Plaintiff set the emergency brake and left the truck to mail these letters while his helper delivered a package. The delivery truck was carrying flowers that day, and plaintiff testified that he left the motor running to maintain a proper temperature; therefore he could not put the truck in gear and thus lock the hind wheels. He went to the mailbox at the northeast corner of the intersection, a distance of about 50 feet from the truck, and deposited the letters. On turning away from the mailbox, he noticed that the truck was moving backward, out from the curb and across the streetcar

tracks at a rate of from two to five miles per hour. He testified that the streetcar, later involved in the accident, was then 250 to 275 feet from the truck, coming up the track in a southbound direction, which placed it on the same side of the street as the truck. The two vehicles were certain to collide if they both continued in the directions they were going. The speed of the streetcar as it ran from Thirty-ninth street to the point of collision with the truck was variously estimated by witnesses as from 12 to 25 or 30 miles per hour.

On seeing this situation, plaintiff hurried across the slippery pavement to the truck. Upon reaching it, he attempted to get into the cab. The shock which he subsequently suffered reacted to suspend his memory at this point, but there was evidence that after his attempt to get into the cab he went to the rear of the truck and attempted unsuccessfully to hold the truck back and that he then threw his hands up. We have stated the evidence most favorable to plaintiff for reasons which will subsequently be obvious.

The case was submitted to the jury under instructions in regard to negligence and contributory negligence. There was submitted to the jury, as an explanation for plaintiff's attempt to stop the truck, the theory that he was trying to protect life and property.

Plaintiff claims prejudicial error in the court's instructions. One of the statements assigned as error is as follows:

"There is no question but what the movement of this truck back onto the streetcar tracks, running as it was, uncontrolled on the highway, was one of the proximate causes of this accident. There is no doubt about that."

The court also charged the jury that if there was negligence on plaintiff's part in parking the truck with the brakes in the condition they were in they would never reach any other issue. In so doing, the court eliminated from consideration the question whether there was an efficient cause intervening to break the sequence or chain of causation between plaintiff's original act and his injury. Christianson v. C. St. P. M. & O. Ry. Co. 67 Minn. 94, 97, 69 N. W. 640, 641. Was there evidence sufficient to take this question to the jury?

The motorette, who as a student under instruction was driving the streetcar, said she saw the truck start to back toward the streetcar track before she saw plaintiff standing at the corner of the Fortieth street intersection which was near the mailbox (although she failed to observe the mailbox). This was at a time when plaintiff said the streetcar was 250 to 275 feet away. She observed the truck backing toward and onto the streetcar track and plaintiff's run to intercept it. Did she then behave as a reasonably prudent motorman would, or, having observed the situation, did she have time to avoid injury to plaintiff and did she fail to exercise due care in failing to do so? Fonda v. St. Paul City Ry. Co. 71 Minn. 438, 451, 74 N. W. 166, 170, 70 A. S. R. 341.

The evidence construed most favorably to plaintiff would have justified the jury in finding that the motorette observed the situation to which plaintiff was exposing himself in time to prevent the collision and in time to avoid injury to him. She said that she could have stopped the car in 40 to 50 feet. The car was on a two-percent upgrade, and if plaintiff's testimony was believed the time was abundant for her to have put the car under control and to have stopped it before injuring plaintiff. The rule of intervening efficient cause, applied by this court in favor of defendant in Medved v. Doolittle, 220 Minn. 352, 19 N. W. (2d) 788, is equally applicable in favor of a plaintiff when he is accused of contributory negligence. That rule, where applicable, eliminates the prior act of negligence as a proximate cause and establishes it in the status of (220 Minn. 362, 19 N. W. [2d] 793) an "occasion or condition."

■ The error in the instruction of the court below was emphasized by its use of the "material element or substantial factor" theory in defining proximate cause, a theory wholly inadequate where issues such as we have here are involved. Proximate cause (called "legal cause" in Restatement, Torts, § 431) is not adequately defined by merely telling a jury that a "material element or substantial factor" in causation is a proximate cause. It was not intended by the American Law Institute to be an adequate or complete definition. In *comment d* of § 431, the Law Institute says:

458

"*d.* While it is necessary to the existence of liability for negligence that the defendant's negligent conduct shall be a substantial factor in bringing about harm to another, this of itself is not necessarily conclusive. There are certain rules which operate to relieve a negligent actor from liability because of the manner in which his negligence produces it, even though his negligent conduct is a substantial factor in bringing it about. These rules are stated in §§ 435 to 453."

To give the simple definition of § 431[2] (the substantial factor, et cetera, definition) leaves the jury afloat without a rudder. Without its qualifying rules, it would leave a jury free to include remote causes or conditions as proximate causes and to decide the case

[2]Restatement, Torts, § 431:

"LEGAL CAUSE; WHAT CONSTITUTES.

"The actor's negligent conduct is a legal cause of harm to another if

"(a) his conduct is a substantial factor in bringing about the harm, and

"(b) there is no rule of law relieving the actor from liability because of the manner in which his negligence has resulted in the harm.
"*Comment:*

"*a. Distinction between substantial cause and cause in the philosophic sense.* In order to be a legal cause of another's harm, it is not enough that the harm would not have occurred had the actor not been negligent. Except as stated in § 432(2), this is necessary but it is not of itself sufficient. The negligence must also be a substantial factor as well as an actual factor in bringing about the plaintiff's harm. The word 'substantial' is used to denote the fact that the defendant's conduct has such an effect in producing the harm as to lead reasonable men to regard it as a cause, using that word in the popular sense in which there always lurks the idea of responsibility, rather than in the so-called 'philosophic sense,' which includes every one of the great number of events without which any happening would not have occurred. Each of these events is a cause in the so-called 'philosophic sense,' yet the effect of many of them is so insignificant that no ordinary mind would think of them as causes."

Think of the result on the minds of a jury if this explanation of *substantial factor* were given them! Even the esoteric minds of the Law Institute would seldom be able to agree on where the line lay between *cause* in the "philosophic sense" and the point where reasonable men would "regard it as a cause."

according to whim rather than law. There are so many qualifying rules to § 431 that if they were given or if those were given which might apply to the various aspects of a negligence case a jury would be hopelessly confused. No better or simpler definition of proximate cause has ever been formulated than that contained in Mr. Justice Mitchell's opinion in Christianson v. C. St. P. M. & O. Ry. Co. 67 Minn. 94, 97, 69 N. W. 640, 641. The writer accepts his full share of responsibility for the language of this court in its previous decisions which appear to approve the "material element or substantial factor" theory as a complete definition of proximate cause. Certainly that theory without further qualification or explanation is a definition that needs defining. No case could better illustrate its inadequacy than the one at bar.

We are constrained to hold that the instruction challenged by the first assignment of error was erroneous.

One other instruction assigned as error was that "less care" would be required of the motorette in the middle of the block than at intersections. This instruction was at least misleading. The same degree of care is required in both places, but it may be that a less amount of vigilance would amount to reasonable care in the middle of the block than at intersections; but the measure of care required in both places is the conduct of a reasonably prudent person under similar circumstances. As given, the instruction might well have been misunderstood by the jury to require a less degree of care in the middle of the block. Other assignments of error raise questions which will probably not recur on a new trial.

The order denying a new trial is reversed.

THOMAS GALLAGHER, JUSTICE (dissenting).

I am of the opinion that at the close of the testimony the evidence clearly disclosed that plaintiff was guilty of contributory negligence as a matter of law and that a verdict should have been directed in favor of defendant. Under such circumstances, the error, if any, in the court's charge to the jury would be immaterial.