GILBERT RIVERA v. JOHN MANDSAGER AND ANOTHER.
ARTHUR F. SONTAG, APPELLANT.[1]

April 1, 1949.

No. 34,870.

---

[1]Reported in 36 N. W. (2d) 700.

*G. L. Dosland,* for appellant.
*Garrity & Garrity* and *Lee F. Brooks,* for respondent.

FRANK T. GALLAGHER, JUSTICE.

Appeal from an order of the district court denying the motion of defendant Sontag for a new trial.

Plaintiff's action, against Arthur F. Sontag and John Mandsager, was for the recovery of damages for injuries sustained by plaintiff as the result of a collision between the automobiles owned and driven by the two defendants. The jury returned a verdict for plaintiff against Sontag and found no cause of action against Mandsager.

The accident occurred at the intersection of county roads Nos. 9 and 72 in Viding township, Clay county, on a clear and sunny afternoon. Sontag was proceeding south on road No. 9, and Mandsager was driving west on road No. 72. A grove of trees extends for a distance of about 100 yards both north and east from the northeast corner of the intersection, making it virtually a "blind" intersection to motorists approaching from the north or from the east. At the intersection where the accident occurred and for some distance in all directions, both roads were graveled. On road No. 9, running north and south, the graveled portion is about 20 feet wide,

and it is about 18 feet wide on road No. 72, running east and west. Immediately south of road No. 72 and almost parallel therewith is a drainage ditch known as ditch No. 5. At a point where road No. 9 crosses this ditch south of the intersection, there is a wooden bridge, 19 feet wide, equipped with guardrails about 20 inches high on each side.

About one o'clock in the afternoon on the day of the accident, plaintiff, with several other persons, was standing at the southeast corner of the bridge when he saw a car (Sontag's) coming from the north; he also observed Mandsager's car coming from the east at about the same time. When he saw Sontag's car, which was some distance to the north, he crossed to the west side of the bridge. Sontag testified that when he was about a quarter of a mile away from the bridge he saw plaintiff cross the bridge and raise his hand above his head; that he thought plaintiff was signaling him; that he was then driving 40 miles per hour and upon observing plaintiff reduced his speed to about 15 miles per hour. Plaintiff said that he did not put up his hand for anyone, but that "the other fellow threw me a rock and I try to catch it. * * * When I was on the corner of the bridge."

Sontag testified that when he was about 15 feet north of the intersection a passenger riding with him screamed, and Sontag applied his brakes and swung his car to the right. Plaintiff testified that Mandsager stopped at the east corner of the intersection and sounded his horn. The latter stated that he did not have time to stop outside of the intersection after he saw Sontag's car. In any event, Mandsager proceeded into the intersection in front of Sontag, but neither driver was aware of the other's presence at the intersection, either because the grove of trees shielded the cars from each other or because plaintiff's presence diverted their attention. The Sontag car struck the Mandsager car at its right front wheel at about the center of the intersection or a little to the west thereof and knocked it into the ditch. The Mandsager car came to rest with its front end in the drainage ditch and its back bumper hanging onto the edge of the bridge. Plaintiff was standing at a place where

he would not obstruct traffic in any way. He testified that although immediately prior to the collision he could see that an accident was imminent he could do nothing to avoid the resulting injury to himself. Plaintiff suffered bruises on his chest and fractures of his lower left leg, necessitating hospitalization and the use of a metal plate and a plaster cast on his leg.

■ On an appeal questioning the sufficiency of the evidence to justify the verdict of a jury, it is not necessary for the supreme court to discuss the evidence in detail to demonstrate the correctness of the verdict. Maust v. Maust, 222 Minn. 135, 23 N. W. (2d) 537; Cooper v. Hoeglund, 221 Minn. 446, 22 N. W. (2d) 450; Holmes v. Conter, 212 Minn. 394, 4 N. W. (2d) 106; Magnuson v. Burgess, 124 Minn. 374, 145 N. W. 32. In many cases, this court has said that on such appeal the evidence will be viewed in the light most favorable to the party prevailing in the trial court, Rochester Bread Co. v. Rapinwax Paper Co. 193 Minn. 244, 258 N. W. 302; Ranwick v. Nunan, 202 Minn. 415, 278 N. W. 589; and that the verdict will not be set aside unless it is manifestly and palpably contrary to the evidence. Solosky v. J. A. Johnson Co. 223 Minn. 390, 27 N. W. (2d) 282; 1 Dunnell, Dig. & Supp. § 415.

■ In the instant case, the evidence was such that it was possible for reasonable men to differ; but, since the verdict is supported by the evidence and is not manifestly contrary to it, in the absence of other errors, the verdict must be affirmed.

Defendant Sontag contends that the trial court erred in instructing the jury as follows:

"* * * You are instructed that regardless of how negligent plaintiff might have been, his actions did not contribute to or were not a material element in the happening of the accident and the defense of contributory negligence is not effective as against him."

Sontag argues that the trial court should have held plaintiff contributorily negligent as a matter of law because of plaintiff's failure to exercise reasonable care for his own safety; or that the trial court should have at least submitted the question of contributory negli-

gence to the jury. We do not agree, and we find that there was no error in the trial court's instruction.

It is generally true that where a pedestrian is struck and injured by an automobile on a public street or highway the negligence of the driver and the contributory negligence of the person injured are issues of fact and should be submitted to the jury for determination. However, particular facts and circumstances in the individual case, conclusively shown, may make one or both issues questions of law for the court. See, Saunders v. Yellow Cab Corp. 182 Minn. 62, 64, 233 N. W. 599, 600, and cases there cited. Cf. Solosky v. J. A. Johnson Co. *supra*.

In the instant case, we cannot infer from the testimony that during the brief time which elapsed from the time it became apparent to plaintiff that the cars were going to collide and the time he was injured plaintiff could have adopted any course of action which would have changed the conduct of either defendant, prevented the accident, or avoided his own injury. For that reason, it was proper for the trial court to find as a matter of law that plaintiff could not be contributorily negligent. Wilson v. Davidson, 219 Minn. 42, 17 N. W. (2d) 31. See, Jacobsen v. Ahasay, 188 Minn. 179, 181, 246 N. W. 670, 671.

The troublesome question of contributory negligence was considered thoroughly as applied to the facts presented in Guile v. Greenberg, 192 Minn. 548, 257 N. W. 649. In that case, plaintiff was climbing over or around the hood of a moving truck in order to make some adjustments while the truck was in motion. Defendant was backing her car out of the parking line, and while doing so the two vehicles collided and plaintiff was injured. The court considered and determined as a vital issue the question of the proximate cause of plaintiff's injuries, whether chargeable to defendant as a negligent act in backing her car into plaintiff's lane of traffic or to the plaintiff's contributory negligence in being on the hood of the moving truck. It would seem that in that case plaintiff's position was much more dangerous and precarious than in the case at

bar. Yet this court, in reversing the trial court, which directed a verdict for defendant on the ground that plaintiff's contributory negligence precluded recovery, said (192 Minn. 551, 257 N. W. 650):

"* * * Regardless of how negligent plaintiff might have been, if his actions did not contribute to or were not a material element in the happening of the accident here involved, the defense of contributory negligence is not effective as against him.

" 'The principles which determine whether the causal relation between the plaintiff's conduct and his harm is such as to make the law regard it as a legally contributing cause and, therefore, * * * sufficient to make his failure to exercise reasonable care for his own protection contributory negligence barring him from recovery against a negligent defendant, are the same as those which determine whether the conduct of the actor as defendant is sufficient to make him responsible and, therefore, liable for a harm to another. Consequently, * * * the plaintiff's conduct must be a substantial factor operating with the defendant's negligence in bringing about the plaintiff's harm. * * *.' Am. Law Inst. Restatement, Torts (Tent. Draft No. 10), comment to § 3, p. 11."

See, also, Larsen v. Minneapolis St. Ry. Co. 199 Minn. 501, 272 N. W. 595.

In Garland v. Nelson, 219 Minn. 1, 17 N. W. (2d) 28, we held that the trial court did not err under the facts in that case in refusing to submit the question of plaintiff's contributory negligence to a jury where such claimed negligence was not the proximate cause of his injury.

In referring to the error of the trial court in Seward v. Minneapolis St. Ry. Co. 222 Minn. 454, 457, 459, 25 N. W. (2d) 221, 223, 224, in charging under the facts of that case that plaintiff's act of parking a truck was as a matter of law a proximate cause of his injuries, we said:

"The error in the instruction of the court below was emphasized by its use of the 'material element or substantial factor' theory in defining proximate cause, a theory wholly inadequate where issues

such as we have here are involved. Proximate cause (called 'legal cause' in Restatement, Torts, § 431) is not adequately defined by merely telling a jury that a 'material element or substantial factor' in causation is a proximate cause. * * *

\* \* \* \* \*

"\* \* \* No better or simpler definition of proximate cause has ever been formulated than that contained in Mr. Justice Mitchell's opinion in Christianson v. C. St. P. M. & O. Ry. Co. 67 Minn. 94, 97, 69 N. W. 640, 641," where he said:

"\* \* \* Consequences which follow in unbroken sequence, without an intervening efficient cause, from the original negligent act, are natural and proximate; and for such consequences the original wrongdoer is responsible, even though he could not have foreseen the particular results which did follow. 1 Bevan, Neg. 97; Hill v. Winsor, 118 Mass. 251; Smith v. Railway Co., L. R. 6 C. P. 14."

Affirmed.

---

[1]Reported in 36 N. W. (2d) 708.