# JAMES L. GARDNER v. ROBERT J. GERMAIN.

117 N. W. (2d) 759.

October 26, 1962—No. 38,200.

*Thoreen, Thoreen & Lawson,* for appellant.
*Ralph T. Lilly,* for respondent.

OTIS, JUSTICE.

Plaintiff appeals from an order denying his motion for judgment n. o. v. or a new trial in an action for the death by wrongful act of James H. Gardner, an 8-year-old child. At the time of the accident decedent lived in Stillwater next to Highway No. 95 where it runs along the St. Croix River. On Sunday, May 10, 1959, he and three brothers came up an embankment to cross the road on their return home from a hike to the river. An older boy had escorted two of the children across the highway and had left James and a younger brother at a guardrail with the intention of returning in a few moments to supervise their crossing when it was safe. The only eyewitness to the accident, one Roger Albrecht, was driving north on Highway No. 95 toward the intersection with Highway No. 96 when defendant appeared from the north driving in the opposite direction. Albrecht testified that as the two vehicles approached a dog ran out from the east side of the road where the boys had been waiting and "as soon as the dog crossed, the boy looked my way and started running, and he did not look the other way." Before James reached the opposite side of the highway he apparently sensed the presence of defendant's vehicle and veered south toward Albrecht but was almost immediately struck by defendant's automobile. Defendant testified he did not see the child until the moment of impact when he swerved his car to the right but was unable to avoid the collision.

The jury was given a special verdict requiring findings on seven issues. It determined that defendant was exceeding the 30 miles per hour speed limit and was guilty of negligence which was a proximate cause of the accident; that James was guilty of contributory negligence which was also a proximate cause of the accident; and that plaintiff as trustee was entitled to damages in the sum of $12,670.

Plaintiff contends that the evidence does not sustain a finding that decedent was guilty of contributory negligence; that the court's charge on contributory negligence and right-of-way was inadequate; that the court erred in failing to charge on decedent's right to assume defendant would exercise care; that even if decedent were found guilty of negligence defendant's negligence was an intervening cause of the accident; that it was error to submit a special verdict on short notice; and that the court abused its discretion in not giving additional instructions and as a result the jury's findings relative to contributory negligence were executed by mistake and contrary to its intention.

1. It is axiomatic that when a verdict has the approval of the trial court it will be sustained on appeal unless a manifest injustice has been done[1] or there is no evidence to support it, or the weight of the evidence is palpably contrary to the verdict.[2] Tested by these rules, the trial court's order is correct.

2. The court's charge on contributory negligence was accurate and complete. The statutory presumption of due care by a decedent was given, including an instruction that it was not conclusive on the jury but could be overcome or rebutted.[3] In addition, the court correctly stated that the law imposed on motorists a higher degree of care in places where it may reasonably be expected that children are in the vicinity. The statute governing the right-of-way of pedestrians and use of the horn was read, together with the statutory admonition requiring proper precaution for the protection of children on the roadway.[4]

3. We find no merit in plaintiff's claim that it was prejudicial error, requiring a new trial, to omit from the charge an instruction that decedent had a right to assume defendant would exercise due care for decedent's safety. The only evidence of how the accident occurred negatives any reliance by decedent on this assumption. More important,

---

[1]Siemers v. United Benefit Life Ins. Co. 246 Minn. 459, 461, 75 N. W. (2d) 605, 607.

[2]Templin v. Crestliner, Inc. 263 Minn. 149, 116 N. W. (2d) 178.

[3]Minn. St. 602.04; Lott v. Davidson, 261 Minn. 130, 109 N. W. (2d) 336.

[4]§ 169.21, subd. 3.

no exception to the omission was taken by plaintiff. We do not regard the instruction as one of fundamental law or controlling principle which may be raised for the first time in a motion for a new trial.[5]

4. Plaintiff argues that defendant's negligence was gross, and in comparison, decedent's only slight, and that contributory negligence is therefore effectively insulated, citing Guile v. Greenberg, 192 Minn. 548, 257 N. W. 649, and Seward v. Minneapolis St. Ry. Co. 222 Minn. 454, 25 N. W. (2d) 221. The plaintiff in the Guile case was a passenger, negligently riding on the outside of a car which collided with another vehicle. We said that while plaintiff's position may have aggravated the injuries, it did not contribute to the collision. Hence we held it was not contributory negligence which barred recovery. The case at bar is readily distinguishable in that if decedent was negligent, as the jury found, quite obviously his negligence was a proximate cause of the accident.

The court in the Seward decision held that where a streetcar operator, upon seeing plaintiff in a position of danger, failed to prevent a collision when she had ample time to avoid it the jury was justified in finding her guilty of negligence which was an intervening, efficient cause of the accident, insulating the plaintiff from contributory negligence. Here there is no testimony that defendant saw decedent in time to take effective evasive action. The so-called "last clear chance" doctrine is only applicable where defendant is aware of the danger created by plaintiff's negligence and has a reasonable opportunity thereafter to cope with it.[6]

Clearly the evidence neither permits nor compels a finding as a matter of law that defendant's negligence was of a kind and quality which insulated decedent from the effects of his own contributory negligence. While plaintiff cites as controlling on the question of contributory negligence Rivera v. Mandsager, 228 Minn. 227, 36 N. W. (2d) 700, the pedestrian in that case was injured while standing on

[5]Rule 51 of Rules of Civil Procedure.
[6]Medved v. Doolittle, 220 Minn. 352, 19 N. W. (2d) 788. See, also, Bohnen v. Gorr, 234 Minn. 71, 47 N. W. (2d) 459, and Haugen v. Dick Thayer Motor Co. 253 Minn. 199, 91 N. W. (2d) 585.

a bridge where he did not obstruct traffic and was struck as the result of a collision between two vehicles. There this court held it was proper to find the plaintiff free from contributory negligence as a matter of law because he did not have time to move after he saw the danger. Here, of course, decedent was struck while running on the traveled portion of the highway. There is little similarity in the two cases.

5. Plaintiff contends that he was caught off guard by not having been advised until just before final argument that a special verdict would be submitted and by not being provided a copy until after argument. Good practice would dictate that counsel be afforded ample opportunity to consider the contents of a proposed special verdict before argument, not only for the purpose of allowing revisions to be requested but to permit the argument to focus attention on the issues presented by the verdict. However, the record discloses no objection to the court's procedure except to correct the wording of the verdict, which was done. In any case, plaintiff has not shown prejudice of a kind which requires a reversal.

6. The final assignment of error is directed at the events following the court's refusal to furnish a dictionary requested by the jury, from which they apparently hoped to determine the meaning of the words "proximate cause." While the court, with manifest propriety, turned down this astonishing proposal, it offered at the same time to give additional instructions if the jury so requested. This counteroffer was declined. Beyond that the court was not required to go. We are now confronted with an affidavit of a juror stating that the jury was confused about the meaning of "proximate cause" as it related to the actions of decedent. The affidavit recites that the entire jury believed plaintiff was entitled to and would recover damages as a result of the findings they brought in. As authority for thus impeaching the verdict, plaintiff cites Paul v. Pye, 135 Minn. 13, 159 N. W. 1070. There, however, the jury was simply permitted to show by affidavit that they agreed on one verdict and by mistake signed a different verdict. It was not a matter of the jury's misunderstanding the legal effect to be given a verdict which they intended to execute. That problem arose in Bauer v. Kummer, 244 Minn. 488, 490, 70 N. W. (2d) 273, 275, where we said:

"* * * It is the general rule that, after a jury has been discharged, no affidavit of a juror—and no affidavit of any other person relating to what a juror has said—will be received to impeach the verdict where the facts sought to be shown inhere in the verdict itself, such as the attempt to show that the jurors misapprehended the evidence, or did not understand the charge of the court, or that they misconceived the legal consequences of their factual findings as to negligence and contributory negligence. Hence, no statements by the jurors, either unanimously or individually, can be resorted to for explaining or changing the meaning or legal effect of the verdict."

In the instant case the juror did not attack or try to repudiate the findings on negligence and contributory negligence beyond alleging confusion with respect to the meaning of "proximate cause." We have held that it is reversible error to disclose to the jury the legal effect of findings where special verdicts are used. McCourtie v. United States Steel Corp. 253 Minn. 501, 93 N. W. (2d) 552. Consequently we are not concerned with what the jury hoped the outcome would be.

We hold that the jury was correctly instructed on all of the issues, that its findings are amply supported by the evidence and the court properly rejected the plaintiff's attempt to impeach them, and that plaintiff was accorded a fair trial, free from prejudicial error.

The order is therefore affirmed.